370 So.2d 847 (1979)
Debbie J. TEATER, Appellant,
v.
DEPARTMENT OF COMMERCE BOARD OF REVIEW, State of Florida, and Sears, Roebuck and Company, Appellees.
No. 78-1694.
District Court of Appeal of Florida, Third District.
May 8, 1979.
*848 Terry L. DeMeo, South Miami, and M. Jeffrey Speno, Miami, and Judy Bass, Legal Services of Greater Miami, for appellant.
James R. Parks, Miami, for appellees.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This appeal by a claimant for unemployment compensation is directed to an order of the State Board of Review affirming a decision of an Appeals Referee which had dismissed, as untimely, the claimant's appeal of a Claims Examiner's determination that she was ineligible for benefits.
Section 443.07(4)(b)1, Florida Statutes (1977), provides:
The claimant or any other party entitled to notice of a determination as herein provided, may file an appeal from such determination with an appeals referee within 10 days after the date of mailing of the notice to his last known address or if such notice is not mailed, within 10 days after the date of delivery of such notice.
In this case, appended at the foot of the Examiner's written determination was a notice of right of appeal, which stated that the last date for appeal was December 10, 1977, and which contained the statement: "Date mailed 11-30-77." Below that notice and statement a space was provided for signature of "Examiner". It was not so signed.
The claimant filed an appeal on January 11, 1978, on which she stated she had not received a copy of the determination and had learned of it that day. After a hearing the Appeals Referee dismissed the appeal as untimely filed. The claimant appealed that ruling to the Board of Review, which then remanded the cause to the Appeals Referee to take testimony relating to the question of timeliness of the initial appeal. After such hearing, the Appeals Referee held the appeal had been untimely. The claimant appealed that ruling to the Board of Review, which affirmed. This appeal by the claimant ensued.
We hold a conclusion by the Appeals Referee affirmed by the Board of Review, that the initial appeal was untimely is not supported by competent substantial evidence. The testimony of the claimant that she did not receive a copy of the Examiner's determination in the mail, her prompt filing of an appeal when, according to her, she learned of the decision (by a visit to the office); the absence of direct evidence of actual mailing of the determination to the claimant; the lack of evidence as to the customary procedures employed for mailings of this nature; and the fact that the certificate or statement of mailing went unsigned; all taken together served to create such uncertainty in the matter that, in our view, the ends of justice will best be served by acceptance of the appeal.
The order appealed from is reversed, and the matter is remanded to the Board of Review with direction that the Board of Review shall further remand the matter to *849 the Appeals Referee, with direction to the latter that the claimant's appeal filed January 11, 1978, is to be considered and determined on its merits.
It is so ordered.