409 So.2d 1138 (1982)
Larry N. WALDRON, Appellant,
v.
CITY OF ARCADIA and Department of Labor and Employment Security, State of Florida, Unemployment Appeals Commission, Appellees.
No. 81-1346.
District Court of Appeal of Florida, Second District.
February 10, 1982.
*1139 Mary Lee Hall and Grant Hanessian of Florida Rural Legal Services, Inc., Wauchula, for appellant.
Robert K. Dixon, Arcadia, for appellee City of Arcadia; James R. Parks and Norman A. Blessing, Unemployment Appeals Commission, Tallahassee, for appellee Unemployment Appeals Commission.
OTT, Acting Chief Judge.
Appellant's appeal to the Unemployment Appeals Commission was dismissed on the ground that it was untimely filed. We reverse.
The procedure for filing an appeal is found in section 443.151(4)(b)3, Florida Statutes (1980), which provides:
The parties shall be promptly notified of such referee's decision, and such decisions shall be final unless, within 20 days after the date of mailing of notice thereof to the party's last-known address or, in the absence of such mailing, within 20 days after the delivery of such notice, further review is initiated pursuant to paragraph (c).
Section 443.151(4)(c) gives the commission the power to allow an appeal by any party.
The commission contends that the 20 days in the case sub judice began on February 9, 1981, as indicated by the statement of mailing found at the bottom of the referee's decision. However, on page 1 of the notice, only one of the boxes to the right of the addresses of the claimant and employer is checked and marked "attorney." It is unclear whether this refers to claimant's attorney or employer's attorney. No further evidence was offered to clarify or support the mailing or delivery of the notice to the appellant or his attorney. Further, the record contains sworn affidavits of appellant, his mother, and his attorney which establish that a copy of the referee's decision was never received by mail or delivery until April 10, 1981. This evidence was uncontradicted. It is also noted that promptly upon receipt of such notice on April 10, 1981, appellant's counsel filed a notice of appeal. We hold that the record before us does not contain competent and substantial evidence to support the commission's conclusions that the appeal was untimely.
The facts in the case sub judice are quite similar to those in Teater v. Department of Commerce Board of Review, 370 So.2d 847 (Fla. 3d DCA 1979), wherein our sister court reached the same conclusion.
The order of the Unemployment Appeals Commission is REVERSED and REMANDED with directions that the appeal be received as timely filed.
CAMPBELL and SCHOONOVER, JJ., concur.