526 So.2d 198 (1988)
Burina ROBINSON, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Morrison, Inc., Appellees.
No. 87-2286.
District Court of Appeal of Florida, Fourth District.
June 8, 1988.
Burina Robinson, pro se.
John D. Maher, Tallahassee, for appellee, Unemployment Appeals Com'n.
*199 GLICKSTEIN, Judge.
This is the second appeal by this former employee of appellee, Morrison, Inc., in her efforts to obtain a hearing on the merits upon claim for unemployment compensation. In the first appeal, Robinson v. Morrison, Inc., 501 So.2d 1323 (Fla. 4th DCA 1986), we remanded with direction to the appellee Commission to conduct a hearing to determine whether the notice of decision was mailed and delivered. The Commission directed the referee to do so; and its subsequent order now being appealed recites the following:
On November 6, 1985, a notice of the November 22, 1985, hearing was mailed to the claimant's last-known correct address and to the employer's representative. The claimant did not receive this notice of hearing. On November 7, 1985, a notice of the November 22, 1985, hearing was mailed to the employer's job site address. The employer received the notice of hearing and appeared at the scheduled hearing.
On November 25, 1985, the Decision of Appeals Referee on Failure of Appellant to Prosecute the Appeal was mailed to the claimant's last-known correct address, to the employer's representative, and to the employer's job site address, as certified by the deputy clerk. The claimant did not receive the notice of decision. The employer did receive the notice of decision. The claimant's representative filed an appeal to the Unemployment Appeals Commission from the decision of the appeals referee, on behalf of the claimant, on February 24, 1986.
(emphasis added).
Notwithstanding the above findings, the Commission's order concluded:
The Commission recognizes that some confusion may exist with respect to the issue of Commission jurisdiction when appeals are filed late. The Commission has consistently maintained that, unless an appeal is filed within the time prescribed by the statute, the Commission is without jurisdiction. It may well be argued that the statute providing for finality of decisions is unfair, but the Commission is powerless to change a legislative enactment. Furthermore, a statute providing for notice by mail is not unusual or inherently defective. There are numerous examples of legal notices that may be effective even though the affected party is actually unaware of the existence of the notice. The fact that this case involves a claim for benefits under the unemployment compensation law does not alter the legal effect of the finality provision of the statute. The referee's decision became final when it was not appealed on or before December 15, 1985; therefore, the Commission has no jurisdiction to review the referee's decision.
We reject the Commission's conclusion that it was without jurisdiction, thus following two of our companion courts, in similar cases; and we reverse and remand with direction that the appeal be heard and determined on its merits.
In Teater v. Department of Commerce Board of Review, 370 So.2d 847 (Fla. 3d DCA 1979), the paper informing the claimant of his right of appeal stated that the last day for appeal was December 10, 1977. There was a statement on the paper that it was mailed November 30, 1977, but that statement was not signed by the examiner. (At the time, a ten day period was allowed for filing an appeal.)
The claimant in Teater filed an appeal on January 11, 1978, stating that she had not received a copy of the determination, but had learned of the determination on the date of her filing of the appeal. After a hearing, the appeals referee dismissed the appeal as untimely filed. The claimant appealed to the Board of Review, which ordered a further hearing by the appeals referee on the timeliness question. The appeals referee's finding that the appeal was indeed untimely was also affirmed when appealed to the Board of Review. The claimant then appealed to the Third District Court. That court reversed and remanded with direction that the appeal be heard and determined on its merits. The holding is worthy of quotation:

*200 We hold a conclusion by the Appeals Referee affirmed by the Board of Review, that the initial appeal was untimely is not supported by competent substantial evidence. The testimony of the claimant that she did not receive a copy of the Examiner's determination in the mail, her prompt filing of an appeal when, according to her, she learned of the decision (by a visit to the office); the absence of direct evidence of actual mailing of the determination to the claimant; the lack of evidence as to the customary procedures employed for mailings of this nature; and the fact that the certificate or statement of mailing went unsigned; all taken together served to create such uncertainty in the matter that, in our view, the ends of justice will best be served by acceptance of the appeal.
In Waldron v. City of Arcadia, 409 So.2d 1138 (Fla. 2d DCA 1982), the claimant's appeal to the Unemployment Appeals Commission was dismissed as untimely filed. The statement at the bottom of the referee's decision indicated mailing took place on February 9, 1981. A mark in a box seemed to indicate mailing only to an attorney, and it was not possible to determine whether this was the claimant's or the employer's counsel. There was no further evidence as to the mailing or delivery of the notice to appellant or his attorney. The appellant, his mother, and his attorney all swore that a copy of the decision was not received by mail or delivery until April 10, 1981. This was not directly contradicted. The appellant filed his appeal promptly after April 10, 1981. On appeal, the Second District Court of Appeal held that there was not competent substantial evidence to support the commission's conclusions that the appeal was untimely.
The unemployment compensation statute's stated intent is, in part, to lighten the burden of unemployment on unemployed workers and their families, section 443.021; and the statute contains a rule of liberal construction, section 443.031. There is relatively little a judicial body can do to effect a balance between an employer and an employee, as protections for the latter are legislative decisions made after public hearings and debate. Yet, however blind the person of Justice must be to effect impartiality and the appearance of impartiality; and however alien to this court's responsibility may be the setting of work requirements upon an employee by an employer, Justice must not also be deaf to the harshness of life's sounds to those who are employed, nor to their right to be heard in disputes with their employers.
LETTS, J., concurs.
HERSEY, C.J., concurs specially with opinion.
HERSEY, Chief Judge, concurring specially.
In my view there was competent substantial evidence to support the Unemployment Appeals Commission's finding that notice of the decision of the appeals referee was mailed to appellant on November 25, 1985. See § 120.68(10), Fla. Stat. (1985). However, appellant never received this notice, nor did she receive a previously-mailed notice of the hearing before the appeals referee. Under these circumstances dismissal of her February 24, 1985 appeal constitutes a denial of due process. See Pierre v. Oriente Sugar Cane Planting, Inc., 504 So.2d 431 (Fla. 4th DCA 1987); State ex rel. Owra v. Florida Department of Commerce, Division of Employment Security, 351 So.2d 769 (Fla. 3d DCA 1977). Accordingly, I concur in the result attained by the majority opinion.