587 So.2d 637 (1991)
Lester R. FINNEY, Appellant,
v.
Florida UNEMPLOYMENT APPEALS COMMISSION and Glades A.C.T.S., Inc., Appellees.
No. 91-0654.
District Court of Appeal of Florida, Fourth District.
October 16, 1991.
Sally G. Schmidt of Florida Rural Legal Services, Inc., Lake Worth, for appellant.
John D. Maher of Florida Unemployment Appeals Com'n, Tallahassee, for appellee-Unemployment Appeals Com'n.
DELL, Judge.
Lester R. Finney appeals from an order of the Unemployment Appeals Commission that dismissed his appeal for lack of jurisdiction. We reverse and remand.
Appellant applied for unemployment compensation benefits following termination of his employment. The claims examiner approved appellant's benefits upon a determination that appellant had been discharged from employment for reasons other than misconduct connected with work. The employer appealed.
On September 13, 1990, the appeals referee conducted an evidentiary hearing. On September 17, 1990, the referee reversed the claims examiner's approval of appellant's benefits. Appellant claims that he did not receive notice of the referee's decision until October 16, 1990, and that shortly thereafter he filed his appeal. On February 11, 1991, the appeals commission dismissed the appeal for lack of jurisdiction because the appeal had been filed more *638 than twenty days from the alleged date of mailing of the referee's decision.
Appellant contends that the appeals commission had jurisdiction because he did not receive timely notice of the referee's decision. He argues that an evidentiary hearing should have been conducted to determine the dates of mailing and receipt of the referee's decision. The commission argues that section 443.151(4)(b)(3), Florida Statutes (1989), mandates that it automatically dismiss late-filed appeals. That section provides:
The parties shall be promptly notified of such referee's decision; and such decision shall be final unless, within 20 days after the date of mailing of notice thereof to the party's last known address or, in the absence of such mailing, within 20 days after the delivery of such notice, further review is initiated pursuant to paragraph (c).
In Pierre v. Oriente Sugar Cane Planting, Inc., 504 So.2d 431 (Fla. 4th DCA 1987), and Robinson v. Florida Unemployment Appeals Commission, 526 So.2d 198 (Fla. 4th DCA 1988), this court held that where a claimant did not receive notice of the referee's decision, the commission's dismissal of the appeal constituted a denial of due process. Since questions of fact remained as to the dates of the mailing and receipt of notice, we hold that the commission's summary dismissal in this case constituted a denial of due process. Accordingly, we reverse the commission's dismissal and remand for an evidentiary hearing on the issue of notice.
REVERSED and REMANDED.
GARRETT and FARMER, JJ., concur.