615 So.2d 216 (1993)
Joseph M. CARRIGAN, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Manny's Pizza House, Appellees.
No. 92-1456.
District Court of Appeal of Florida, Fifth District.
March 5, 1993.
Joseph M. Carrigan, Edgewater, pro se.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n.
*217 No Appearance for appellee Manny's Pizza House.
W. SHARP, Judge.
Carrigan appeals from a decision of the Unemployment Appeals Commission, which affirmed a referee's determination that he had not timely appealed a denial of his claim for unemployment benefits. The state offered no competent evidence that the denial had been mailed to Carrigan more than twenty days before he filed his appeal and Carrigan testified he only received the denial five days before his appeal was filed. We reverse.
Carrigan was employed by Manny's Pizza House for the last two quarters of 1990 and virtually all of 1991. Omar Larson, the owner, was also the mortgage holder on the residence in which Carrigan resided. Carrigan claimed he had a verbal agreement with Larson that Carrigan would be given a sufficient number of working hours each week at Manny's to enable him to make the mortgage payments on the property. After a time, Larson ceased to abide by this agreement, causing Carrigan's mortgage payments to be jeopardized.
On December 4, 1991 Carrigan's employment terminated with Manny's. Carrigan claimed he was fired by the manager in Larson's presence and with his consent. Carrigan criticized the restaurant for leaving meat on the floor overnight. Manny's claimed that Carrigan left his job due to dissatisfaction with work conditions.
Carrigan applied for unemployment benefits and received a "Wage Transcript and Determination," dated February 6, 1992, which showed he would receive $72.00 per week in unemployment benefits. Thereafter, the Division denied Carrigan all benefits and mailed him a determination advising him of this denial.[1] This document contains the following notation: "Mailing Date: February 11, 1992." On March 9, 1992, Carrigan filed an appeal of the denial. On the notice of appeal, Carrigan penned: "We just received this determination on March 4, 1992."
Sections 443.151(3)(d) and 443.151(3)(a), Florida Statutes (1991) provide that the Division must promptly notify persons of a redetermination denying them benefits, and that persons have 20 days in which to file an appeal.[2] The referee found Carrigan's notice of appeal to be untimely. The time between the "mailing date" of the determination denying him benefits, listed as February 11, 1992, and Carrigan's filing of the notice of appeal on March 9, 1992, exceeded the 20-day period. However, Carrigan contended both at the hearing and on the notice of appeal, that he did not receive the determination letter until March 4, 1992. Since his was the only competent evidence adduced on this point, the referee's determination of untimeliness must be reversed.
Section 443.031 provides that Chapter 443 is to be liberally construed, and numerous cases have held that although an appeal was not timely filed, an appeal was proper. See e.g., Robinson v. Florida Unemployment Appeals Commission, 526 So.2d 198 (Fla. 4th DCA 1988); Pierre v. Oriente Sugar Cane Planting, 504 So.2d 431 (Fla. 4th DCA 1987); State ex rel. Owra v. Florida Department of Commerce, Div. of Employment Security, 351 So.2d 769 (Fla. 3d DCA 1977).
*218 To establish the mailing date, courts require competent factual evidence of the date of mailing. Teater v. Department of Commerce, Board of Review, 370 So.2d 847 (Fla. 3d DCA 1979) (substantial and competent evidence); Colonnades, Inc. v. Florida Department of Commerce, Div. of Employment Security, 357 So.2d 238 (Fla. 1st DCA 1978) (preponderance of the evidence). See also, § 120.68(10), Fla. Stat. (1991). Mere testimony of customary procedures is insufficient. Colonnades. Without such evidence, the date of mailing is subject to mere guesswork, and creates such uncertainty that the ends of justice are best served by allowing the appeal. Teater at 848; Fox v. South Florida Regional Planning Council, 327 So.2d 56 (Fla. 1st DCA), cert. denied, 336 So.2d 1181 (Fla. 1976). We do not think that a typed notation of the "mailing date" on top of the determination is sufficient evidence to establish the mailing date. Teater; Colonnades.
REVERSED AND REMANDED.
COBB and HARRIS, JJ., concur.
NOTES
[1] Carrigan makes other, serious allegations about the processing of his claim and against Larson which have not been heard due to the untimely finding of the appeal.
[2] Section 443.151(3)(d) provides:

(a) Notice of determination or redetermination pursuant to s. 443.101.  Notice of any determination or redetermination which involves the application of the provisions of s. 443.101, together with the reasons therefor, shall be promptly given to the claimant and to any employer entitled to notice thereof, such notice to be given in the manner provided in this subsection, provided that the division shall by rule prescribe the manner and procedure pursuant to which employers within the base period of a claimant may become entitled to such notice. Section 443.151(3)(a) provides, in part:
The claimant, ... shall be promptly notified of such ... determination, and such determination shall be final unless within 20 days after the mailing of such notices to the parties' last known addresses, ... appeal or written request for consideration is filed by the claimant... .