616 So.2d 1088 (1993)
Peter J. OLIVER, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, and Marriott Hotels, Inc., Appellees.
No. 92-1347.
District Court of Appeal of Florida, Fourth District.
April 7, 1993.
Peter J. Oliver, West Palm Beach, pro se appellant.
John D. Maher, Tallahassee, for appellee-Unemployment Appeals Com'n.
PER CURIAM.
Peter James Oliver claims entitlement to unemployment compensation. From an adverse ruling by a claims adjudicator he filed an appeal with the Division of Unemployment Compensation. An appeals referee concluded that the appeal had been filed one day late. An appeal of that decision to the Unemployment Appeals Commission (UAC) resulted in an affirmance, occasioning the appeal to this court.
Appellant, Oliver, argues compellingly that notice to him of the original adjudication and of his right to appeal was misdirected and thus untimely received. *1089 The appeals referee made only two factual findings: one, the date the determination of the claims adjudicator was mailed; and two, the date the notice of appeal was filed. There was no finding regarding the date of receipt of the determination nor the correct address of appellant. Due process concerns are thus implicated by the failure to address unrefuted allegations that notice was not timely received through no fault of the appellant.
Rule 38E  5.007, Florida Administrative Code, in pertinent part provides the following: "If the referee finds that the appeal was not filed within the time allowed by law, it shall be dismissed." (Emphasis added.)
Similarly, section 443.151(3)(a), Florida Statutes (1991), provides in pertinent part regarding the determination of unemployment compensation claims:
such [initial] determination shall be final unless within 20 days after the mailing of such notices to the parties' last known addresses, or in the absence of such mailing, within 20 days after the delivery of such notice, appeal or written request for reconsideration is filed by the claimant or other party entitled to such notice.
(Emphasis added.) Appellee UAC argues that the language "shall be final" and "shall be dismissed" should be interpreted as meaning there can be no exception to finality if the appeal is filed after the twenty day period. However, this interpretation is not in accord with the applicable case law.
In Finney v. Florida Unemployment Appeals Comm'n, 587 So.2d 637 (Fla. 4th DCA 1991), this court reversed the summary dismissal of a claimant's appeal and held that the dismissal was a denial of due process. In that case, the claimant, Finney, applied for unemployment benefits after he was terminated, and the claims adjudicator granted benefits on the ground that Finney had been discharged for reasons other than misconduct connected with his work.
The employer appealed the granting of benefits, and the appeals referee reversed the award. Finney attempted to appeal that reversal, but the Commission dismissed the appeal for lack of jurisdiction because Finney's appeal had been filed more than twenty days from the alleged date of mailing of the referee's decision. Finney asserted that he did not receive notice of the reversal until almost a month after it occurred.
On appeal from that dismissal to this court, Finney argued that an evidentiary hearing should have been conducted to determine the dates of mailing and receipt of the referee's decision. The commission argued that section 443.151(4)(b)(3) mandated an automatic dismissal of all untimely-filed appeals. This court agreed with Finney, holding that the summary denial constituted a denial of due process where there were factual disputes regarding the dates of mailing and receipt of notice. 587 So.2d at 638. Accord Robinson v. Florida Unemployment Appeals Comm'n, 526 So.2d 198, 199-200 (Fla. 4th DCA 1988) (claimant was denied due process where she did not receive notice of the commission's decision, and thus did not have an opportunity to be heard due to her untimely filing of appeal); Pierre v. Oriente Sugar Cane Planting, Inc., 504 So.2d 431 (Fla. 4th DCA 1987) (claimant was denied due process of law where he did not receive timely notice of the initial determination denying benefits because of his change of address and thus was not able to file a timely notice of appeal).
In the instant case, appellant claims that the appeals referee arbitrarily dismissed his appeal. Appellant missed the twenty day time period by one day. In his notice of appeal to the UAC, he stated that the "mail containing your notice to appeal was not forwarded in time for me to make this appeal[.]" Additionally, in his "brief" appellant asserts that he did not receive the UAC's notice in a timely manner due to a change of address.
Accordingly, we reverse and remand for an evidentiary hearing concerning the date of appellant's receipt of his notice and the timeliness of filing the notice of appeal and, *1090 if timely, then the merits of appellant's unemployment compensation appeal claim.
REVERSED AND REMANDED.
HERSEY, FARMER and KLEIN, JJ., concur.