626 So.2d 322 (1993)
Keith KOPPELMAN, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 92-3157.
District Court of Appeal of Florida, First District.
November 12, 1993.
Keith Koppelman, pro se, for appellant.
John D. Maher, Tallahassee, for appellee.
SMITH, Judge.
Keith Koppelman appeals an order of the Unemployment Appeals Commission (UAC) dismissing his appeal for lack of jurisdiction because it was untimely filed. We reverse and remand for an evidentiary hearing to determine whether Koppelman did in fact timely receive notice of the hearing before the appeals referee and the referee's subsequent decision reversing the claims examiner's award of benefits.
Koppelman was discharged from his employment as a captain for a catamaran sailing company on March 10, 1992, after a crew member on his boat was injured. He contended he was discharged because management needed a scapegoat. The claims examiner awarded benefits and the employer appealed.
The notice of telephone hearing, advising that a hearing on the employer's appeal would be held on June 15, 1992, states that it was sent to Koppelman's last known address on June 4, 1992. Koppelman did not attend. Based upon evidence submitted by the employer, and the lack of rebuttal proof on Koppelman's behalf, the appeals referee ruled that Koppelman was discharged for misconduct connected with his work and was therefore disqualified from receiving unemployment compensation benefits. The order contains a certification that it was mailed to *323 Koppelman's last known address on June 15, 1992.
On June 30, 1992, Koppelman wrote a letter to the UAC which was received and filed July 10, 1992. In his letter, he explains that on May 31, 1992, he left Key West to relocate in Rhode Island in order to accept another employment opportunity. He further said: "Delays in receiving my mail left me unaware of the [June 15] hearing." The remainder of his letter gives his version of the events of March 10, 1992, and his defense to the charge of negligence. Because his appeal was not filed within 20 days as required by section 443.151(4)(b)3, Florida Statutes (1991), and Rule 38E-3.006, Florida Administrative Code, requires dismissal if an application for review is not timely filed, the UAC dismissed Koppelman's appeal.
We find the essential facts of this case virtually indistinguishable from those presented to the Fourth District Court of Appeal in Robinson v. Morrison, Inc., 501 So.2d 1323 (Fla. 4th DCA 1986).[1] In accordance with the holding of the Robinson court, it is our view that a remand to the UAC is required to determine whether claimant received notice of the hearing in time to appear, or notice of the referee's decision in time to appeal.[2] In the event the evidence does not rebut Koppelman's contention that he did not timely receive notice of the hearing or notice of the decision of the appeals referee, then the cause shall be returned to the appeals referee, where claimant can present evidence in his behalf. See Carrigan v. Unemployment Appeals Commission, 615 So.2d 216 (Fla. 5th DCA 1993); Finney v. Florida Unemployment Appeals Commission, 587 So.2d 637 (Fla. 4th DCA 1991); Robinson v. Florida Unemployment Appeals Commission, 526 So.2d 198 (Fla. 4th DCA 1988); Pierre v. Oriente Sugar Cane Planting, Inc., 504 So.2d 431 (Fla. 4th DCA 1987); and State ex rel. Owra v. Florida Department of Commerce, Division of Employment Security, 351 So.2d 769 (Fla. 3d DCA 1977).
REVERSED and REMANDED for proceedings consistent with this opinion.
KAHN and LAWRENCE, JJ., concur.
NOTES
[1] See also the appeal after remand, Robinson v. Florida Unemployment Appeals Commission, 526 So.2d 198 (Fla. 4th DCA 1988).
[2] In a letter filed by appellant in this court in lieu of his initial brief appellant asserts, among other things, that his employer was aware he would be unavailable for the appeal hearing, and that when he had his mail forwarded to his next landfall, he learned that he had missed the scheduled hearing.