645 So.2d 577 (1994)
Bruce W. LANDRUM, Appellant,
v.
JAMES RUMMER TIMBER HARVESTING, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 94-01287.
District Court of Appeal of Florida, Second District.
November 18, 1994.
*578 Bruce W. Landrum, pro se.
John D. Maher, Tallahassee, for appellee Florida Unemployment Appeals Com'n.
THREADGILL, Judge.
Bruce W. Landrum challenges an order of the Florida Unemployment Appeals Commission (UAC) dismissing his administrative appeal for lack of jurisdiction because his appeal was untimely. We reverse.
In June of 1993, Landrum was determined to be eligible for unemployment compensation benefits. His employer appealed and a hearing was held before an appeals referee. Landrum did not attend the hearing. The appeals referee determined Landrum had been discharged from employment for misconduct connected with his work and he was therefore disqualified from receiving benefits. A clerk's certificate reflects the appeals referee's decision was mailed to Landrum on August 11, 1993.
Section 443.151(4)(b)3., Florida Statutes (1993), provides that appeals referees' decisions "shall be final unless, within 20 days after the date of mailing of notice thereof to the party's last known address or, in the absence of such mailing, within 20 days after the delivery of such notice, further review is initiated pursuant to paragraph (c)." Landrum did not appeal the August 11, 1993, decision within twenty days.
Landrum claims he did not receive notice of the adverse determination of the appeals referee until four months after it was entered. The mailing date on the decision, by itself, was insufficient to rebut this claim. See Robinson v. Morrison, Inc., 501 So.2d 1323, 1325 (Fla. 4th DCA 1986). Thus, the record on appeal does not contain competent substantial evidence to support the UAC's finding that the appeal was untimely. In order to ensure that Landrum received procedural due process, we remand for an evidentiary hearing. Livingston v. Unemployment Appeals Comm'n, 620 So.2d 1103 (Fla. 4th DCA 1993); Robinson. See also Waldron v. City of Arcadia, 409 So.2d 1138 (Fla. 2d DCA 1982); Teater v. Dep't of Commerce Bd. of Review, 370 So.2d 847 (Fla. 3d DCA 1979).
On remand, if it is determined that Landrum did not receive the appeals referee's decision in time to seek further appellate review, he should be afforded an opportunity to appeal.
Reversed and remanded.
DANAHY, A.C.J., and QUINCE, J., concur.