ALLEN, Judge.
The appellant challenges an order of the Department of Health and Rehabilitative Services (the department) whereby the department denied the appellant’s motion to vacate and re-issue an earlier final order of the department. We reverse.
On May 13, 1994, the department issued a final order in which it concluded that the appellant’s name should be placed on the department’s registry of confirmed abusers. A certificate of service by mail upon the appellant’s counsel accompanied the order. The order also stated that the appellant had 30 calendar days within which to appeal. On August 18, 1994, the appellant filed a motion in which he requested that the department vacate and reissue the final order because he had not received a copy or other notice of the order until after the time to appeal had expired. On September 20,1994, the department issued an order summarily denying the motion.
We reverse the September 20, 1994 order because competent substantial evidence does not support the department’s apparent conclusion that the appellant timely received a copy of the final order. See Koppelman v. Unemployment Appeals Comm’n, 626 So.2d 322 (Fla. 1st DCA 1993).
Although not asserted in the order on appeal, the department also contends that it lacked jurisdiction to act on the appellant’s motion to vacate and re-issue. We conclude that the appellant correctly followed the procedure outlined in New Washington Heights Community Development Conference v. Department of Community Affairs, 515 So.2d 328 (Fla. 3d DCA 1987), that the motion was timely, see id.; cf. Fla.R.Civ.Pro. 1.540, and that the department was therefore vested with jurisdiction to act.
We accordingly set aside the September 20, 1994 order, and we remand this case to the department with directions that the department vacate and re-issue the order of May 13, 1994.
BARFIELD, J., and SMITH, Senior Judge, concur.