710 So.2d 199 (1998)
Guillermina APOLINAR, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Professional Employee Management, Inc., Appellees.
No. 97-02741.
District Court of Appeal of Florida, Second District.
May 1, 1998.
*200 Erin L. Leveton, Lakeland, for Appellant.
John D. Maher, Tallahassee, for Appellee Unemployment Appeals Commission.
No appearance for Appellee Professional Employee Management, Inc.
PARKER, Chief Judge.
Guillermina Apolinar appeals the final order of the Unemployment Appeals Commission (UAC) which dismissed, for lack of jurisdiction, her appeal from the decision of the appeals referee, which had dismissed Apolinar's initial appeal for failure to prosecute. The effect of this order was to find that Apolinar was not entitled to unemployment compensation and that she had to repay $851 that she had already received. We reverse.
The issue in this case is whether the UAC erred in failing to provide Apolinar a hearing on her appeal from the referee's dismissal of her case for failure to prosecute. The UAC dismissed Apolinar's appeal because she filed it more than twenty days after the referee entered the decision. See § 443.151(4)(b)3., Fla. Stat. (1995).
Prior to summarily dismissing Apolinar's appeal, the UAC issued an order to show cause to Apolinar to explain why the appeal should not be dismissed as untimely. We conclude that the procedure utilized by the UAC, an order to show cause requiring a written response from the claimant, generally would be adequate to provide procedural due process where there is an allegation of an untimely appeal. However, the facts of this case warrant a different conclusion.
Apolinar's response to the order to show cause was written by a clerk with the Wauchula Jobs and Benefits Office, where Apolinar had gone to seek help. Apolinar does not speak or write English. The response reads in full:
I came in constantly and was told by office personnel and was told I had to wait for a decision. I called Winter Haven and Tallahassee [and] was told to just pay the money I owed. I also wrote a letter [and] did not get a response.
Note: Claimant speaks limited English.
The UAC argues that Apolinar never alleged that she did not receive timely notice of the referee's decision. The UAC argues that even when Apolinar was ordered to show cause why her appeal should not be dismissed as untimely, her response failed to articulate the reason she now argues on appeal.
While this court does not grant exceptions to individuals merely because they do not speak English, in this case, procedural due process requires that we err on the side of caution. Apolinar's response that "I ... was told I had to wait for a decision" was ambiguous and could be interpreted to mean that she did not receive the referee's decision. It was sufficient to warrant further inquiry.
Accordingly, we reverse the dismissal and remand for a hearing in which Apolinar can articulate her reason for not complying with the twenty-day requirement. Further, it would be advisable for the UAC to provide Apolinar with a Spanish interpreter for the remand hearing. See § 90.606, Fla. Stat. (1995).
Reversed and remanded.
CAMPBELL, J., and LENDERMAN, JOHN C., Associate Judge, concur.