725 So.2d 1266 (1999)
Otto Arthur HORST, III, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Miljus Enterprises Co., Inc., Appellees.
No. 98-00900
District Court of Appeal of Florida, Second District.
February 5, 1999.
*1267 Otto Arthur Horst, III, pro se.
John D. Maher, Tallahassee, for Appellee Unemployment Appeals Commission.
No appearance for Appellee Miljus Enterprises Co., Inc.
ALTENBERND, Judge.
Otto Arthur Horst, III, challenges the order of the Unemployment Appeals Commission dismissing his appeal from the decision of the appeals referee. Mr. Horst wants to argue that he was fired as a scapegoat for questionable conduct allegedly authorized by his employer. Unfortunately, his appeal to the Commission was not timely filed within the allotted twenty days, and we are therefore constrained to affirm the Commission's ruling. We write this opinion to encourage the legislature to establish a thirty-day period for a claimant's appeal that is equal to the thirty-day period given to attorneys in other civil and administrative appeals. See § 443.151(4)(b), Fla. Stat. (1997),
Mr. Horst did not attend the hearing before the referee on Tuesday, December 2, 1997. The referee issued the order and mailed it to Mr. Horst's last known address on that same day. Mr. Horst's appeal was filed on Saturday, December 27, 1997. By statute, a claimant must appeal within twenty days. See § 443.151(4)(b). Mr. Horst does not argue that this period should be extended because the Commission deprived him of due process. See Oliver v. Unemployment Appeals Comm'n, 616 So.2d 1088 (Fla. 4th DCA 1993) (notice mailed to old address may violate due process).
Mr. Horst has filed documentation with this court explaining that he developed a serious heart condition requiring open-heart surgery on December 5 and December 9, 1997. He claims that his condition prevented his attendance at the hearing before the referee. He maintains that he was too ill to file his own appeal and that his mother filed the appeal on his behalf. Although we have no findings of fact on these issues, we assume that his representations are correct. When given an opportunity by the Commission to show cause why his appeal should not be dismissed as untimely, Mr. Horst did not bring these circumstances to its attention.
We are not authorized to extend the time for Mr. Horst's appeal. The legislature, however, should understand that Mr. Horst's case is not an isolated case. This court frequently affirms without written opinion when the Commission dismisses an appeal because it was filed a few days late.
Claimants typically are not represented by counsel. Often they are ill prepared to prosecute a legal appeal. They are appealing because they are unemployed and did not receive benefits. They may be distracted from filing an appeal within the abbreviated period by their need to search for another job. It does not seem unreasonable to expand the time for claimants' appeals to equal the time given to attorneys to file appeals in standard commercial litigation. Such a modest change would allow a greater number of unemployment appeals to be resolved on their merits and not on the technicalities of legal procedure.
Affirmed.
PATTERSON, A.C.J., and NORTHCUTT, J., Concur.