GROSS, J.
Appellant, Jeffrey Kolodney, appeals the Unemployment Appeals Commission’s (UAC) determination that he was disqualified from receiving unemployment benefits because he was terminated for misconduct. We affirm.
Kolodney filed for unemployment benefits on September 2, 1999, claiming that he separated from his job at Go Electronics after almost thirteen years of employment because the company closed its Sanford location. The Division of Unemployment Compensation (the Division) awarded Ko-lodney $275 per week in benefits, and sent notice of the award to the employer. The employer responded that Kolodney was terminated for refusing to follow company policy.
On October 7, 1999, the Division sent a second notice of benefits to the employer stating that Kolodney’s benefits award had been confirmed. The notice instructed the employer to file an appeal within twenty days of receipt. However, the employer did not file an appeal until January 4, 2000, when the company sent a letter to the Division protesting Kolodney’s benefits award and offering proof that Kolodney had been fired for misconduct. According to the letter, the employer discovered Ko-lodney’s benefits award when it attended an unemployment benefits hearing for another terminated employee.
On January 10, 2000 the Division conducted a redetermination of benefits and upheld Kolodney’s award. The employer appealed the redetermination and a hearing was set on February 8, 2000, to determine Kolodney’s eligibility and the timeliness of the employer’s appeal.
As to the timeliness of the employer’s appeal, Go Electronics claimed that it did not receive the October 7, 1999 notice because the Sanford location closed. The company explained that it learned of Ko-lodney’s benefits award from the Division while checking on another terminated employee’s file. According to the company, the appeal was mailed the same day it discovered that Kolodney was receiving benefits.
Kolodney testified that the company had forwarded its mail from the closed location well before the October 7, 1999 notice was mailed. Furthermore, Kolodney noted that his copy of the October 7th notice listed the company’s central office address, rather than the closed Sanford location, as the employer’s mailing address. Nevertheless, the referee determined that the employer timely filed its appeal because the time limit for filing the appeal did not begin to run until January 4, 2000, when the company actually discovered that Ko-lodney was receiving benefits.
As to the merits of the employer’s appeal, the company claimed that Kolodney threatened to stop shipping orders if he did not receive an expense check. The company also accused Kolodney of refusing to use company forms, refusing to submit “time off’ reports, refusing to enter shipping codes into the computer, and threatening to tell customers to complain to the company owners. The company testified that Kolodney also refused to ship inventory to other locations because he had earmarked the inventory to fill standing orders for his own customers. In support of its allegations, the employer submitted facsimiles and memoranda in which Kolodney refused company instructions, used vulgar language, and made threats.
In his defense, Kolodney explained that although he threatened to stop shipping orders until he received an expense check, he never actually stopped working. He also admitted that he refused to enter shipping codes, use company purchase or *585 der forms, and submit requested “time off’ reports. However, he asserted that no written company policy required him to do any of those things. He further testified that the employer never told him that he could not earmark inventory for his own customers. He agreed that he told customers to complain to the owners, but maintained that the owners told location managers to have customers call the owners with problems that the managers could not address.
After the hearing, the referee issued an April 12, 2000 decision, stating that the employer’s appeal was timely and that Ko-lodney was terminated for misconduct connected with his employment because he refused to follow company policy. The UAC affirmed the decision as according with the essential requirements of the law.
Kolodney first claims that the employer’s appeal was untimely. However, referees are allowed to consider late appeals where the appealing party did not receive timely notice of the agency’s determination. Holmes v. City of West Palm Beach, 627 So.2d 52, 53 (Fla. 4th DCA 1993); Applegate v. Nat’l Health Care Affiliates, Inc., 667 So.2d 332, 333 (Fla. 1st DCA 1995); Custodio v. Palm Truck Ctrs., Inc., 618 So.2d 790 (Fla. 3rd DCA 1993).
In order to justify dismissal of an appeal based on lateness, “competent, substantial evidence” of receipt must be offered. Custodio, 618 So.2d at 790; Teater v. Dep’t of Commerce Bd. of Review, 370 So.2d 847, 848 (Fla. 3d DCA 1979). Neither the date listed on the top of a claim letter, nor mere testimony of customary mailing procedures is conclusive evidence that forecloses a party from demonstrating that it did not receive timely notice. See Landrum v. James Rummer Timber Harvesting, Inc., 645 So.2d 577, 578 (Fla. 2d DCA 1994); Carrigan v. Unemployment Appeals Comm’n, 615 So.2d 216 (Fla. 5th DCA 1993).
The referee is charged with judging the credibility of witnesses and weighing evidence. See Kriston v. Fla. Unemployment Appeals Comm’n, 693 So.2d 689, 691 (Fla. 2d DCA 1997). Here, there was no evidence of the mailing date, other than the date listed on the notice and Kolod-ney’s testimony that the employer had forwarded its mail prior to closing its Sanford location. Nor was there any indication that the employer received the notice. Therefore, the referee could have properly concluded that the appeal should be considered on its merits.
In his second point on appeal, Ko-lodney argues that there was no competent, substantial evidence showing that he was discharged for misconduct connected with work. However, the evidence shows that Kolodney refused repeated company instructions, that he made threats, and that he used vulgar language towards coworkers. Thus, the evidence supports the UAC’s conclusion that Kolodney’s behavior constituted a deviation “from the standards of behavior which the employer has a right to expect.” § 443.036, Fla.Stat. (2000); see Finish Line Feed, Inc. v. Acosta, 748 So.2d 1089 (Fla. 4th DCA 2000) (stating that refusal to follow a company policy that is intentional and deliberate may be sufficient misconduct to warrant a denial of benefits); Citrus Cent. v. Detwiler, 368 So.2d 81, 82 (Fla. 4th DCA 1979) (holding that “flagrant and intentional disobedience to a valid work order by a superior on the job should indeed by characterized as misconduct”). Accordingly, we affirm the UAC’s decision.
STEVENSON, J„ and LABARGA, JORGE, Associate Judge, concur.