DAVIS, Judge.
Genel Altimeaux challenges the Unemployment Appeals Commission (UAC) order denying him unemployment compensation benefits. Because the appeals referee’s determination was not based on competent, substantial evidence, we reverse.
Altimeaux, who was born in Haiti and speaks little English, was employed at Ocean Construction. On Friday, September 26,1997, a dispute arose between some of the Haitian workers and their supervisor, Bruce Milliken, regarding the amount of their paychecks. The Haitian workers complained that the others received more pay for the same work. During the dispute, one Haitian worker, Vidieu Tanis, stated that none of the Haitians would work for Ocean any longer because the company was cheating them. Having completed their work for the day, the Haitian workers left the workplace. When Alti-meaux arrived for work on Monday morning, he was advised that he was no longer employed by Ocean. He applied for and was awarded unemployment benefits. The employer appealed this determination.
The appeals referee held a hearing on this case on May 12, 1998, without Alti-meaux’s presence. At that hearing, the referee asked Milliken how Altimeaux’s separation from employment occurred. Milliken testified, “He told me that he would no longer work for us because we were cheating him.” When the referee asked him to explain the circumstance, Milliken described the incident. He said, “There was quite a few of ‘em, were all *924 talking back and forth, and then they just said, look, we’re not gonna work for a company that doesn’t like Haitians, and we — we just won’t work for you any longer The appeals referee made a finding of fact that Altimeaux had quit his job, and the UAC accepted that finding as being based on competent, substantial evidence.
Altimeaux then appealed the UAC’s decision to this court, arguing that he had not been present at the evidentiary hearing because he had not received notice of the hearing. This court reversed and remanded for an evidentiary hearing to determine whether Altimeaux did or did not receive notice, stating: “If the referee determines he did not get notice of the rescheduled hearing, the case must be returned to the appeals referee so that Al-timeaux can present his side of the case.” Altimeaux v. Ocean Construction, Inc., 752 So.2d 670 (Fla. 2d DCA 2000) (citing Koppelman v. Unemployment Appeals Comm’n, 626 So.2d 322 (Fla. 1st DCA 1993)).
Upon remand, the appeals referee determined that Altimeaux did not receive notice, and a second hearing was held. At this hearing, Milliken, who no longer worked for Ocean, did not appear, but another Ocean supervisor who was present during the dispute did testify. Altimeaux also testified. Based on the testimony presented at both hearings, the appeals referee determined that Altimeaux voluntarily quit his job with Ocean.
The issue before the appeals referee was a question of fact: whether Alti-meaux voluntarily quit his job. When the matter before the referee is a question of fact, the appellate court reviews the record to determine whether the referee’s decision was based on competent, substantial evidence. Gant v. Unemployment Appeals Comm’n, 743 So.2d 114 (Fla. 2d DCA 1999). No such evidence existed here.
The only two witnesses at the second hearing were Altimeaux and Ocean supervisor William Tranowski. Altimeaux testified that he did not tell Milliken that he quit, nor did he hear Tanis say that the Haitians quit. He added that even if Tan-is did make the statement, he had not authorized Tanis to speak for him.
Tranowski testified on direct that “the whole crew actually quit.” However, he further testified that “they had a spokesman for their group ... he informed Bruce that the whole crew was quitting at that time.” Additionally, on cross, Tra-nowski testified, “I didn’t personally hear [Altimeaux] say he would [no longer work for Ocean], but he was right next to the spokesman.” Thus, at the second hearing, there was no testimony that Altimeaux told his supervisor he was quitting.
The appeals referee, in making his decision, considered testimony from both hearings. In his findings, the referee acknowledged that he had “material factual conflicts” to resolve and that he was aware that Milliken’s earlier testimony had not been subject to cross-examination. However, he determined to resolve the conflict in favor of the employer by relying on Milliken’s earlier statement.
An appeals court may set aside agency action only upon certain findings. § 120.68(7)(b), Fla. Stat. (1999). These include a finding that “[t]he agency’s action depends on any finding of fact that is not supported by competent, substantial evidence in the record of a hearing conducted pursuant to ss. 120.569 and 120.57.” Id. The first hearing, which produced Milliken’s statement that Altimeaux quit, was not conducted pursuant to section 120.569(2)(j), because that section requires that a “party shall be permitted to conduct cross-examination when testimony is taken.” Because Altimeaux did not have the *925 opportunity to cross-examine Milliken at that hearing, the appeals referee should have rejected Milliken’s testimony there as incompetent. Even without this substantial infirmity, the evidentiary value of Mil-liken’s testimony was subject to question. Although Milliken testified that Altimeaux personally stated that he quit, when Milliken described the circumstances in detail, he spoke of the whole group quitting together.
The remaining testimony, offered by Tranowski and Altimeaux at the second hearing, certainly does not support a finding that Altimeaux voluntarily quit. Although Tranowski originally testified under direct examination that “the whole crew quit at one time,” he admitted on cross-examination that he never actually heard Altimeaux quit. Altimeaux repeatedly stated that he did not quit.
Because the appeals referee’s determination that Altimeaux voluntarily quit was based solely on Milliken’s testimony at the previous hearing, which was not subject to cross-examination, the determination was not based on competent, substantial evidence of record.
Accordingly, we reverse with directions to reinstate Altimeaux’s unemployment award.
WHATLEY, A.C.J., and GREEN, J., concur.