GEIGER, DWIGHT L„ Associate Judge.
This appeal arises from a final order denying unemployment benefits. After denial of his initial claim for unemployment benefits, Jerry W. Griffin appealed to the Florida Unemployment Appeals Commission. His appeal was dismissed by the referee on December 11, 2003, because Griffin failed to appear at a hearing. The notice of dismissal was mailed on December 12, 2002. Griffin appealed the dismissal on January 10, 2003. Because this was over twenty days after the initial dismissal, his appeal was dismissed as untimely on the authority of section 443.151(4)(b)3, Florida Statutes. For the reasons outlined below, we reverse the order of dismissal.
Prior to the final dismissal of his appeal, Griffin filed a letter with the Commission which explained that his late appeal was because of a post office mistake in handling his mail. He attached a form affidavit which was notarized and signed but was blank in the place provided for an explanation. He also attached a copy of a complaint he had submitted to the post office.
Section 442.151(4)(b)3 provides in part:
The parties shall be promptly notified of such referee’s decision; and such decisions shall be final unless, within twenty days after the date of mailing of notice thereof to the party’s last known address ..., further review is initiated.
Florida Administrative Code Rule 38E-5.007 states: “If the referee finds that the appeal was not filed within the time allowed by law, it shall be dismissed.” An exception to the twenty-day rule has been created by case law where delay in receipt of a notice from the unemployment commission affects due process rights. See *1264 Oliver v. Unemployment Appeals Comm’n, 616 So.2d 1088 (Fla. 4th DCA 1993).
In Oliver, this court reversed the dismissal of an unemployment claim where the appellant contended that he did not receive notice of the dismissal due to delays with the mail. Ultimately, this court sent Oliver back to the Commission for an evidentiary hearing concerning the date of Oliver’s receipt of his notice and the timeliness of filing the notice of appeal. Id.
The decision of the Unemployment Appeals Commission has due process implications and we thus reverse the order below for the Commission to hold an evidentiary hearing concerning the date of Griffin’s receipt of the initial notice of dismissal and the timeliness of his filing the notice of appeal. We do this in part because of Griffin’s pro se status. “In the history of jurisprudence, pro se litigants have frequently been granted leniency in technical matters.” Barrett v. City of Margate, 743 So.2d 1160 (Fla. 4th DCA 1999).
REVERSED AND REMANDED.
STEVENSON and SHAHOOD, JJ., concur.