PER CURIAM.
After an appeals referee determined that former employee, John Price, was not eligible for unemployment compensation benefits, Price appealed to the Florida Unemployment Appeals Commission (UAC). The UAC dismissed Price’s appeal as untimely. Price now seeks review of that order of dismissal. For the reasons set forth below, we vacate the order appealed.
On October 20, 2003, the appeals referee mailed the order determining that Price had been discharged for misconduct and was not entitled to unemployment compensation. Then, on October 27, 2003, the referee mailed a “Notice of Determination,” requiring Price to repay a $6,682 overpayment. On November 14, 2003, Price submitted a timely appeal of the order requiring repayment, but his appeal directed to the order regarding his entitlement to benefits was late.[1] The Commis *862 sion ordered Price to show cause as to why the appeal from the benefits determination should not be dismissed. Price filed an unresponsive, pro se reply, addressing only the timeliness of the appeal from the order for repayment. The Commission then dismissed the appeal as untimely.
Based on our review of the record, Price’s response to the Commission’s show cause order is such that it is not clear whether he understood that he was required to explain the timeliness of the appeal of the underlying benefits determination, and not the timeliness of the appeal of the separate overpayment determination. In an unemployment appeals case, due process requires that the Commission, and the courts, “err on the side of caution” and afford a liberal opportunity for a pro se employee to demonstrate that his administrative appeal is timely. See Apolinar v. Fla. Unemployment Appeals Comm’n, 710 So.2d 199 (Fla. 2d DCA 1998). For those reasons, we vacate the order of dismissal and direct the Commission to allow Price to submit a supplemental sworn response to the order to show cause, explaining the circumstances surrounding the late appeal from the entitlement order mailed on October 20, 2003. The Commission will thereafter proceed according to law.
VACATED and REMANDED.
FARMER, C.J., KLEIN and STEVENSON, JJ„ concur.

. Section 443.151 (4) (b), Florida Statutes (2003), requires appeals to be filed within *862 twenty days of the date of mailing of the referee's decision.