CORTINAS, Judge.
Gerard P. Dumorange (“Dumorange”) appeals the dismissal of his unemployment compensation appeal by the Florida Unemployment Appeals Commission (“UAC”) as untimely. Dumorange was formerly employed by the City of Miami (“City”) as a police officer. He was discharged from his employment and subsequently filed for unemployment compensation. Dumorange was initially deemed qualified to receive unemployment compensation, but his former employer requested a hearing before an appeals referee. The appeals referee found Dumorange’s discharge was related to misconduct connected with work and denied his claim for unemployment compensation. Dumorange was notified of the denial through correspondence that was mailed on October 19, 2005. This letter was accompanied by a notice explaining that appeals of decisions denying unemployment compensation must be filed within twenty days after the mailing of an adverse decision. Dumorange express mailed his appeal to the UAC on November 14, 2005.[1] The twenty day time period expired on November 8, 2005.
Dumorange does not dispute that his appeal was filed untimely. However, he *474 claims that he was unable to file within twenty days of the denial letter because he was adversely affected by Hurricane Wilma. Dumorange informed the UAC of his situation in his response to their order to show cause why his appeal should not be dismissed. However, the UAC dismissed his appeal as untimely, explaining that he was not specific enough in describing how Hurricane Wilma affected his ability to timely file an appeal.
In this appeal, the UAC and the City take the position that Hurricane Wilma did not impact South Florida beyond October 24, 2005. We find this position to be entirely disingenuous. We take judicial notice of the fact that Hurricane Wilma disrupted the lives of virtually all residents of South Florida and that it was weeks before normalcy was restored. For weeks after Hurricane Wilma, electrical power was lacking in the vast majority of homes and businesses in Miami-Dade County. Because of the power outages, gas station pumps were not operational and gasoline shortages abounded for days.
In fact, this court was forced to close for three days and time limits for appeals were tolled from 5:00 p.m. on Friday, October 21, 2005 through 8:00 a.m. on Thursday, October 27, 2005. In re: Emergency Request to Extend Time Periods under All Florida Rules of Procedure for Third District Court of Appeal, Fla. Admin. Order AOSC05-78 (Nov. 1, 2005) (on file with Clerk, Fla. Sup.Ct.). Time limits were tolled in the county and circuit courts in the Eleventh Judicial Circuit, comprising Miami-Dade County, from 5:00 p.m. on Friday, October 21, through 8:00 a.m. on Monday October 31, 2005. In re: Emergency Request to Extend Time Periods Under All Florida Rules of Procedure for the Eleventh Judicial Circuit, Fla. Admin. Order AOSC05-74 (Nov. 1, 2005)(on file with Clerk, Fla. Sup.Ct.).
As a result of Hurricane Wilma, time limits were tolled for the same period in the Fourth District Court of Appeal, while time limits for county and circuit courts in the Fifteenth Judicial Circuit were tolled until 8:00 a.m. on Monday, November 7, 2005. In re: Emergency Request to Extend Time Periods Under All Florida Rules of Procedure for Fourth District Court of Appeal, Fla. Admin. Order AOSC05-75 (Nov. 1, 2005)(on file with Clerk, Fla. Sup.Ct.); In re: Emergency Request to Extend Time Periods Under All Florida Rules of Procedure for the Fifteenth Judicial Circuit, Fla. Admin. Order AOSC05-88 (Nov. 14, 2005)(on file with Clerk, Fla. Sup.Ct.) Further, time limits for county and circuit courts in the Seventeenth Judicial Circuit were tolled until 8:00 a.m. Monday, November 14, 2005. In re: Emergency Request to Extend Time Periods Under All Florida Rules of Procedure for the Seventeenth Judicial Circuit, Fla. Admin. Order AOSC05-81 (Nov. 8, 2005)(on file with Clerk, Fla. Sup.Ct.).
The Florida Supreme Court also recognized in all of these tolling orders that there may be individual instances where, even despite the tolling, a party or attorney is unable to meet the deadline for filing an appeal. Accordingly, the Florida Supreme Court authorized the lower courts to resolve these claims on a “case-by-case basis where a party demonstrates the lack of compliance with requisite time periods was directly attributable to this emergency situation.” E.g., id. Overall, the Florida Supreme Court issued twenty-two tolling orders as a result of Hurricane Wilma.
Although the UAC is not governed by the Florida Supreme Court’s tolling orders, nor by the individual decisions of this and other courts to accept untimely *475 filed documents in their courts, we find the tolling orders cited above to be conclusive evidence of the fact that Hurricane Wilma continued to impact South Florida well-beyond October 24, 2005, the day it made landfall. We also recognize that, although the tolling orders and decisions of this court to accept untimely filed papers are not binding on the UAC, this court has jurisdiction to compel the UAC to accept an untimely appeal. See Assam v. Fla. Unemployment Appeals Comm’n, 871 So.2d 978, 980 (Fla. 3d DCA 2004)(per curiam).
As the UAC points out, the statute governing appeals to the UAC does not contain a good cause exception. See § 443.151(4)(e), Fla. Stat. (2006). In fact, Rule 60BB-7.006 mandates dismissal of untimely filed appeals. Fla. Admin. Code R. 60BB-7.006. Despite this, courts have carved out a limited exception based on due process. See Guerrero v. Fla. Unemployment Appeals Comm’n, 855 So.2d 266, 269 (Fla. 3d DCA 2003); Finney v. Fla. Unemployment Appeals Comm’n, 587 So.2d 637, 638 (Fla. 4th DCA 1991)(inter-nal citations omitted). Although the majority of appeals to this court from a dismissal of an untimely filed appeal have been affirmed, due process concerns have warranted reversals where the claimant receives his denial letter outside of the time period for appeals or where the untimeliness of the claimant’s appeal was “occasioned by the actions of the Commission.” Assam, 871 So.2d at 980. It appears Florida courts have never decided whether to apply this exception to cases where the untimely filing results from a natural disaster, and not actions taken by the UAC. However, we hold that such a limited expansion of the exception is appropriate based on the facts of the case now before us.
“An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Mullane v. Cent. Hanover Bank, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). As the Fourth District recently observed, “[i]n an unemployment case, due process requires that the Commission, and the courts, ‘err on the side of .caution’ and afford a liberal opportunity for a pro se employee to demonstrate that his administrative appeal is timely.” . Price v. Unemployment Appeals Comm’n, 889 So.2d 861, 862 (Fla. 4th DCA 2004) (quoting Apolinar v. Fla. Unemployment Appeals Comm’n, 710 So.2d 199, 199 (Fla. 2d DCA 1998)). We find that Hurricane Wilma and its aftermath, including extensive damage, widespread power outages, and fuel shortages, interfered with Dumorange’s opportunity to voice his objections to the denial of his unemployment compensation claim. We further find that the UAC’s dismissal of Dumorange’s appeal constitutes a denial of due process, given Hurricane Wilma’s impact and Du-morange’s diligence in pursuing his appeal as soon as practicable.
We reverse the order of the UAC dismissing Dumorange’s untimely appeal and direct the UAC to adjudicate the appeal.
Reversed.

. In its brief, the UAC contends the date of filing is November 15, 2005, the date the UAC received Dumorange's appeal. However, the Florida Administrative Code specifically states that "[ajppeals filed by mail shall be considered to have been filed when postmarked by the U.S. Postal Service.” Fla. Admin. Code R. 60BB-5.005(3). The record indicates Dumorange's appeal was postmarked on November 14, 2005.