HOBSON, Justice.
This is an appeal by defendant, the City of Miami Beach, from a final judgment of the circuit court entered consequent upon a verdict for plaintiff (appellee here) in a personal injury suit
It appears that plaintiff, a musician, came to a partially completed city bandshell to enlist the aid of the manager of this band-shell in securing, for plaintiff’s orchestra, a contract of employment with the city. Plaintiff was injured by falling into an unlocked stage light pit.
One Joseph Mooney was the assistant supervisor of recreation for the city and was in charge of the bandshell at the time the accident occurred. Counsel for plaintiff requested at the trial that the rule relative to the exclusion of witnesses be invoked. Defense counsel stated that Mooney was a witness, but that he was present as the duly designated representative of the city, a municipal corporation. The court nevertheless excluded him from the courtroom under the rule, denying an appropriate objection made by defense counsel. The rule was invoked after the jury had been selected and sworn.
Although other questions are presented upon this appeal, and we have considered them all, we deem it necessary to discuss only that which relates to the exclusion of Mooney, as above related. Appellant contends that this ruling of the court was reversible error, since it was tantamount to the exclusion of a party.
In essence, appellant contends that Mooney was primarily the representative of a party and only incidentally a witness, while appellee urges that Mooney was a witness first and foremost and that by its ruling the court “refused to allow a witness for the municipal corporation to remain in the courtroom in the guise of a representative.” We think that the appellee has the better of this argument, on the record presented here. Mooney was an eyewitness to the accident. He testified that he “grabbed” the plaintiff when he fell, and administered first aid to the plaintiff after the accident. No special importance of Mooney which would have rendered him an indispensable representative of the city for this case, aside from his value as a witness, was demonstrated or offered to be shown to the trial court, so far as appears. At least presumptively, Mooney was primarily a witness, in the absence of a contrary showing, and the trial court could judicially notice, as can we, that a city the size of Miami Beach is well provided with possible representatives. A pre-trial conference was held in this case, at which time this matter could have been fully explored. We think the burden was on the city to establish by an appropriate showing, preferably before trial, the point it seeks to make here. So intimately was Mooney connected with the case as an eyewitness that the invocation of the rule as to him was an almost inevitable eventuality. As it was, he was permitted to remain in the courtroom until after the jury was im-panelled and sworn, as we have stated, and, the benefit of his advice was available to defense counsel at this critical time.
As we have held, the matter of exclusion of witnesses from the courtroom during a trial is a matter peculiarly within the discretion of the trial court, New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 122 Fla. 718, 166 So. 856; Romano v. Palazzo, 83 Fla. 243, 91 So. 115. There is an insufficient showing in this case to warrant the conclusion that the discretion thus vested in the trial judge has been abused.
No harmful or reversible error having been made clearly apparent, this cause should be, and it is hereby,
Affirmed.
DREW, C. J.,- THORNAL, J., and MILLED GE, Associate Tustice, concur.