442 So.2d 958 (1983)
POLYGLYCOAT CORPORATION, Appellant/Cross Appellee,
v.
HIRSCH DISTRIBUTORS, INC., d/b/a Polyglycoat Southeast, Appellee/Cross Appellant.
No. 82-44.
District Court of Appeal of Florida, Fourth District.
April 27, 1983.
Rehearing Denied January 18, 1984.
*959 Mark B. Schorr of Becker, Poliakoff & Streitfeld, P.A., and Howard M. Weiss of Weiss & Feldman, P.A. (counsel withdrew after filing brief), Fort Lauderdale, for appellant/cross appellee.
Jesse S. Faerber of Fenster & Faerber, Plantation, for appellee/cross appellant.
WALDEN, Judge.
This was a suit on a contract. Trial produced a judgment in favor of plaintiff, Hirsch Distributors, Inc. Defendant, Polyglycoat Corporation, appeals.
We affirm the judgment insofar as it determines liability. We reverse and remand for a new trial on the issue of damages.
During a substantial portion of the testimony concerning damages, the trial court excluded the parties. This act is an appellate grievance asserted by Polyglycoat. Gloria Fiveson was present at the trial as the designated corporate representative of Polyglycoat. She was excluded, leaving no one present in the courtroom on behalf of Polyglycoat except, of course, its attorney. This was error.
For as much as the record discloses, the basis for the court's exclusion was the protection of witnesses' trade secrets. Since such ban, assuming it was appropriate, would necessarily apply to any corporate representative whomever, we thereby distinguish the case of City of Miami Beach v. Washburn, 88 So.2d 555 (Fla. 1956). In the Washburn case, one Mooney was the City's trial representative. He was also an eye witness to the accident. The Washburn court held that Mooney was primarily a witness, and he was not an indispensable representative of the City. The court judicially noticed that a City the size of Miami Beach is well provided with possible representatives. In other words, in the Washburn case there were easy alternative City representatives who were not primarily witnesses; while in the instant case, there were no alternative representatives because the trial court determined to protect the secrets from disclosure to any representative of either party.
We reverse upon authority of Seaboard Air Line Railroad v. Scarborough, 52 Fla. 425, 42 So. 706 (Fla. 1906) and Purvis v. Inter-County Telephone & Telegraph Co., 203 So.2d 508 (Fla. 2d DCA 1967).
Since the exclusion was limited to testimony on the damages issues only, we bifurcate and require retrial only on the damage issues.
Additionally, parties are each variously aggrieved concerning the damage award. Upon retrial, more and different evidence may be presented. So we decline to academically exercise ourselves with specificity as to what was earlier done. We are, though, concerned with the trial court's approach to damages by way of lost profits. Without dictating the result which will depend upon future events, we do record generally our understanding of the principles applicable to this problem.
The general rule is that anticipated profits of a commercial business are too speculative and dependent upon change in circumstances to warrant a judgment for their loss; but the rule is not an inflexible one, and if profits can be established with reasonable certainty, they are allowed. Massey-Ferguson, Inc. v. Santa Rosa Tractor Co., 415 So.2d 865 (Fla. 1st DCA 1982). Loss of profits may be recovered where the plaintiff makes it reasonably certain by competent proof what the amount of his actual loss was. Proof of income and of the expenses of the business for a reasonable time anterior to the interruption charged, or of facts of equivalent import is usually required. However, recovery for lost profits is not generally allowed for injuries to a new business with no history of profits. The prospective profits of a new business are generally regarded as being too remote, contingent, and speculative to meet the legal standards of reasonable certainty. 17 Fla.Jur.2d Damages § 80; Tochette v. Bould, 324 So.2d 707 (Fla. 4th DCA 1975), quashed and remanded, 349 So.2d 1181 (Fla. 1977).
*960 However, if the business is completely destroyed, the proper total measure of damages is market value on date of loss. Aetna Life & Casualty Co. v. Little, 384 So.2d 213 (Fla. 4th DCA 1980). Aetna relied upon Allied Van Lines, Inc. v. McKnab, 331 So.2d 319 (Fla. 2d DCA 1976), wherein the court stated that the proper measure of damages for loss of personal property is its market value on the date of the loss, as compared to partially destroyed property whose damages is the difference between the value before and after the damage or the reasonable cost of repair with due allowance for the difference between the original value and the value after repair, and compensation for the loss of use. Hillside Van Lines v. Matalon, 297 So.2d 848 (Fla. 3d DCA 1974); 22 Am.Jur.2d Damages § 177.
Affirmed in part, reversed in part, and remanded for a new trial on the damage issues.
BERANEK and DELL, JJ., concur.

UPON MOTION FOR REHEARING
PER CURIAM.
In our earlier filed opinion, we reversed and remanded for a new trial on the issue of damages because, "During a substantial portion of the testimony concerning damages, the trial court excluded the parties."
Hirsch Distributors, Inc., d/b/a Polyglycoat Southeast has filed a lengthy Motion for Rehearing. A good part of it consists of inappropriate re-argument, which portions we choose to disregard without comment.
There are two aspects of Hirsch's Motion which we do address.
First, Hirsch says that Polyglycoat Corporation did not object to the exclusion of the parties. An examination of the transcript now, with that point in mind, reveals that Hirsch is correct  there was no objection.
However, fatal to Hirsch's position is the fact that Hirsch brings this matter to our attention now, for the first time, in its Motion for Rehearing. The failure of Polyglycoat to object was in nowise mentioned or alluded to in Hirsch's brief or at oral argument. How easy and how favorably dispositive it might have been for Hirsch to have included in its brief the fact that Polyglycoat did not object to the exclusion of the parties and there furnished the Court with its argument and authorities that hold that such exclusion would be nonactionable in the absence of an objection. Hirsch did not do so.
This Court will not depart from its dispassionate role and become an advocate by second guessing counsel and advancing for him theories and defenses which counsel either intentionally or unintentionally has chosen not to mention. It is the duty of counsel to prepare appellate briefs so as to acquaint the Court with the material facts, the points of law involved, and the legal arguments supporting the positions of the respective parties. See Re: Estate of Barret, 137 So.2d 587 (Fla. 1st DCA 1962) and Clonts v. Spurway, 104 Fla. 340, 139 So. 896 (1932). When points, positions, facts and supporting authorities are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed by counsel to be unworthy. Again, it is not the function of the Court to rebrief an appeal. We basically work within the framework of the briefs although, admittedly, there are instances where errors are so glaring or fundamental that a court will adjudicate them on its own initiative in its original opinion.
We hold that matters not previously urged to this Court may not be raised for the first time on a Motion for Rehearing. O'Steen v. State, 92 Fla. 1062, 111 So. 725 (1926); Sarmiento v. State, 371 So.2d 1047 (Fla. 3d DCA 1979); Price Wise Buying Group v. Nuzum, 343 So.2d 115 (Fla. 1st DCA 1977). See generally 3 Fla.Jur.2d, Appellate Review, § 264.
Second, Hirsch asserts that the Court was incorrect in saying that the parties were absent during a "substantial portion" of the testimony. We have reread the testimony *961 concerning damages and agree with the analysis of it found in Polyglycoat's Supplemental Response to Motion For Rehearing. We will not burden this with a minute breakdown. We are altogether satisfied upon reconsideration that the absence was during a substantial portion and that such absence constituted harmful fundamental error.
The Petition For Rehearing is
DENIED.
BERANEK, DELL and WALDEN, JJ., concur.