## HASTINGS AND HASTINGS TEMPORARY SERVICES, INC. v EFRONSON

Case No. 86-138 AP (County Court Case No. 85-831CCZ5)

Eleventh Judicial Circuit, Appellate Division, Dade County

June 8, 1987

### APPEARANCES OF COUNSEL

**James J. Breen, Blackwell, Walker, Fascell & Hoehl,** for appellant.
**Eliot R. Weitzman** for appellee.

Before TENDRICH, KAYE, MASTOS, JJ.

### OPINION OF THE COURT

KAYE, R.P., Judge.

At the trial below, the Court applied the rule of sequestration to Mr.

170

Martin Kleinman, the Plaintiff corporation President and designated representative, over objection of the plaintiff that this would leave no one in the courtroom to aid and assist counsel, and that Mr. Kleinman as the President of the corporation and the designated corporate representative, had an absolute right, as a party to the action, to be present at all times.

As to this issue, we agree with Plaintiff and reverse the trial court on the authority of *Polyglycoat Corporation v. Hirsch Distribution Inc.*, 442 So.2d 958 (Fla. 4th DCA 1983).

Having determined the above, the next question presented is whether the presence of Mr. Kleinman in court, aiding and assisting counsel, might have affected the outcome of the case.

We think it might. The trial Judge indicated that he was unable to determine whether to believe the Plaintiff, Mr. Kleinman, or the Defendant, Mr. Efronson, by a preponderance of the evidence, on the issue of the oral contract. Had the Plaintiff been available to counsel during the Defendant's testimony, he may have been able to provide significant help in resolving that issue.

As to the issue of whether the trial court erred in dismissing that portion of Plaintiff's case dealing with the agency we reverse on the authority of *American Ladder and Scaffold Co. v. Miami Ventilated Awning Mfg. Co.*, 161 SO.2d 699 (Fla. 3d DCA 1964) and *Hercules Inc. v. Coto*, 434 SO.2d 4 (Fla. 3d DCA 1983).

Based on the evidence, it could reasonable be concluded that one could believe that Mr. Leon Efronson, the Defendant's son and employee, who executed this agreement authenticity, Miss Pratt's working hours and setting the fee schedule, had the authority of his employer and father to act in his name as agent.

To grant a motion to dismiss at the close of Plaintiff's case would be error.

PER CURIAM.

Reversed and remanded for a new trial.