PER CURIAM.
This is an appeal by Martin J. Goller from a final order of the Unemployment Appeals Commission affirming the decision of the unemployment appeals referee which upheld the denial of Mr. Goller’s application for benefits under the Florida Training Investment Program. § 443.231, Fla.Stat. (1993).
We affirm the final order under review based on a holding that Mr. Goller was not entitled to benefits under the above program because he was not enrolled in a “training program[ ] in [a] vocational or technical school[ ] or class[ ] [which (a) is] designed to prepare the participante ] for gainful employment in [a] recognized oecupation[ ] [and (b) ] ... consists] of a practical curriculum for development of vocational, rather than avocational, skills,” as required by Section 443.-231(3)(b), Florida Statutes (1993). We specifically reject the argument that Mr. Goller’s enrollment in the Business Administration School at Florida International University where he is taking a number of business courses qualifies him for benefits under the above program; clearly, these academic business courses do not constitute, as required by statute, a “practical curriculum for the development of vocational ... skills,” and the Business Administration School at Florida International University is not a “vocational or technical school[] or class[]....”
Beyond that, Mr. Goller, in his written application papers submitted to the Business Administration School, declared a major of Business Management and indicated that he intended to obtain a baccalaureate degree in Business Administration. The Division of Unemployment Compensation of the Florida Department of Labor and Employment Security is expressly prohibited by statute from approving as a training program under the Florida Training Investment Program “academic programs primarily intended to lead toward a baccalaureate or higher degree,” although “a basic education program which is a prerequisite for skilled training or other short-term vocationally directed academic courses may be approved.” § 443.231(3)(c), Fla.Stat. (1993). Mr. Goller testified below that, notwithstanding his announced written intention to graduate from the Business Administration School at Florida International University, he entertained a secret intent to take only selected courses at the business school and not to obtain a baccalaureate degree. This undisclosed subjective intent, however, cannot change the nature of the program in which he was enrolled — namely, a program which is “primarily intended to lead toward a baccalaureate degree” and is therefore expressly excluded from the Florida Training Investment Program. Indeed, according to the testimony of Mr. Goller, the Business Administration School at Florida International University does not allow a student to take more than five selected courses unconnected with obtaining a baccalaureate degree and requires all its students taking more than five classes, as here, to declare a major and seek a baccalaureate degree in order to remain in the school. R.15.
Affirmed.
HUBBART and BASKIN, JJ., concur.