HALL, VINCENT T., Senior Judge.
Tammy Botto seeks review of an order of the Unemployment Appeals Commission. The Commission affirmed the decision of an appeals referee denying unemployment benefits to Ms. Botto for a five-week period during which she was in training. We reverse and remand for further proceedings because the referee failed to address the application of section 443.091(l)(c)2., Florida Statutes (1995), to the facts of this case.
Ms. Botto was collecting unemployment benefits when she became interested in attending school to become a fire inspector. She asserts that her counsellor at the unemployment office in Tampa assured her she would continue to receive benefits while she attended the course. Ms. Botto completed and returned paperwork concerning the school to the Tampa office. Once she began the program, however, her unemployment benefits were discontinued. Ms. Botto appealed the denial of benefits. The referee determined that she was not entitled to benefits for the five-week period she attended school because she was not “able to work and ... available for work,” as required by section 443.091(l)(e)l., Florida Statutes (1995). As previously noted, the Unemployment Appeals Commission affirmed the referee’s decision.
The appeals referee’s order fails to consider the legal effect of section 443.091(l)(c)2. That section provides that a person in training with the approval of the department shall not be denied benefits by reason of the application of the provision in section 443.091(l)(e)l. relating to availability for work. The referee’s findings of fact show that Ms. Botto was attending a short-term program that would qualify her for a new job. Cf. Goller v. Florida Unemployment Appeals Comm’n, 643 So.2d 84 (Fla. 3d DCA 1994) (qualified training program under section 443.231, Florida Statutes, is a vocational or technical school or class designed to prepare the participant for employment in a recognized occupation; college courses do not qualify). Yet, the referee applied section 443.091(l)(c)l. without setting forth any findings that showed section 443.091(l)(c)2. was inapplicable. The findings do not discuss, or in any way refute, Ms. Botto’s contention that the Tampa unemployment office approved her training program.
It appears that the referee utilized the wrong statute in this case. We, therefore, reverse the Unemployment Appeals Commission’s order denying Ms. Botto benefits for the period of time she attended fire inspector school. We remand to the appeals referee to consider whether section 443.091(l)(c)2. applies to Ms. Botto’s situation.
Reversed and remanded.
CAMPBELL, A.C.J., and PARKER, J., concur.