ALTENBERND, Acting Chief Judge.
Bernice L. Gant appeals an Unemployment Appeals Commission (“UAC”) order determining that she was overpaid $3000 in benefits. Ms. Gant received benefits from September 24, 1997, to December 12, 1997. This period can be divided into a job-search period ending on November 22, and a training program from that date until December 12, 1997. The UAC rejected the referee’s determination that Ms. Gant was actively seeking work when she received $2250 during the job-search period, and accepted the referee’s determination that she was not actively seeking work while she was involved in the training program. We reverse the UAC’s decision concerning the $2250 and remand the case for a further determination of whether Ms. Gant needs to reimburse the $750 paid during the training program in light of section 443.091(l)(c)(2), Florida Statutes (1997).
Ms. Gant worked as a caregiver for an elderly man for seven years until his death in June 1997. She began collecting unemployment benefits in September while searching for a new position. As a result of her search, it is undisputed that a tile business offered her an upcoming sales position. She wanted to accept this job. Ms. Gant was repeatedly assured she had a job with the tile business, but the prospective employer delayed her starting date for various reasons. She decided to seek another position as a caregiver while waiting to see what developed with the job offer at the tile business. While searching for a new position as a caregiver, Ms. Gant faxed more than one hundred resumes to elderly people she believed might be in need of a caregiver. During this process, Ms. Gant discovered that changes in the law required that she obtain a license to provide home health care as a certified nursing assistant (CNA) if she wanted to return to the type of work that she had performed for the previous seven years. As a result of this discovery, Ms. Gant participated in a CNA training program at the Florida Health Academy from November 24 though December 12,1997. At that point, she obtained new employment.[1]
Initially, a claims examiner determined that Ms. Gant was ineligible for benefits from September 21 until December 13, 1997. The examiner concluded Ms. Gant had been overpaid $3072, and ordered her to reimburse this amount to the trust fund of the Division of Unemployment Compensation of the Department of Labor and Employment Security (“Division”).[2] She appealed this ruling.
The appeals referee conducted an evi-dentiary hearing and determined that Ms. Gant had actively sought full-time employment and was therefore eligible for benefits from September 24 through November 22. The referee based this determination on Ms. Gant’s repeated contacts with the tile business and her faxing of numerous resumes to potential employers. However, the referee found that Ms. Gant was unavailable and therefore ineligible for benefits during the CNA training between November 23 and December 12. Therefore, the referee concluded that Ms. Gant was overpaid $750 during the training program.
On review, the UAC affirmed the appeals referee’s finding of ineligibility during Ms. Gant’s training, but reversed the referee’s determination of eligibility from September 24 through November 22. Thus, the UAC required Ms. Gant to reimburse the Division’s trust fund $3000. She appealed that decision to this court.
Although the UAC did not purport to reject any of the referee’s factual findings in deciding that Ms. Gant was not actively seeking work when receiving the $2250, it did not explain what issue of law the ap *116 peals referee had misunderstood or misapplied in making her decision. There is no indication that the UAC is making a policy-decision about a question of law unknown to the referee. The referee was aware of Florida Administrative Code Rule 38B-3.021 and appears to have considered the proper legal factors for use when determining whether an applicant is actively seeking work.
The UAC’s order states that Ms. Gant “asserted” she sent out numerous resumes to potential employers similar to her previous employer, although it is undisputed in this record that she undertook this effort. The UAC denigrates her efforts through these resumes to apply for a job identical to her old job on the theory that she did not have the certificate to perform caregiver services, and then denies her benefits while she sought to obtain the CNA training' necessary to perform those services.
We conclude that the appeals referee applied the correct law to her factual determinations. The UAC’s order effectively overrides the referee’s findings of fact when those findings were supported by competent, substantial evidence. Although it is not always easy to determine where questions of fact end and matters of law begin in unemployment compensation cases, we conclude that the issue of whether a claimant is actively seeking work is similar to the issue of whether a claimant voluntarily left employment for a reason attributable to the employer. Both issues are normally resolved as questions of fact. See Tourte v. Oriole of Naples, Inc. 696 So.2d 1283 (Fla. 2d DCA 1997) (holding “good cause attributable to employer” is question of fact); Jones v. Creative World School, Inc., 603 So.2d 118 (Fla. 2d DCA 1992) (finding question of whether employee left voluntarily is one of fact). See also Poppe v. Eclectic Business Machines, 661 So.2d 65 (Fla. 2d DCA 1995) (concluding that last date of employment is question of fact). In this case, the issue was factual, and the determination by the referee was supported by substantial, competent evidence. Thus the UAC’s reversal was improper.
Furthermore, while there was substantial, competent evidence to support the determination that Ms. Gant was unavailable for work during her training program, the appeals referee and the UAC failed to consider the exception that applies when a claimant attends a training program pursuant to section 443.091(l)(c)(2), Florida Statutes (1997)- See also Fla. Admin. Code R. 38B-3.021(5)(a). Ms. Gant enrolled in the CNA training program in order to enhance her caregiving skills, which she no longer could use without a license. The CNA program was also designed to lead to future employment in a recognized field which Ms. Gant should have been able to enter with the license. See Fla. Admin. Code R. 38E-3.022. This apparently is the field that she actually reentered. The appeals referee on remand should consider whether the training program is a sufficient basis to relieve Ms. Gant of the obligation to reimburse the State for the benefits she received after November 22, 1997. See Botto v. Florida Unemployment Appeals Comm’n, 684 So.2d 300 (Fla. 2d DCA 1996).
Reversed.
WHATLEY and CASANUEVA, JJ., Concur.

. It is unclear whether she went to work as a nurse's aide at that time, but she was so employed at the time of her hearing before the appeals referee.

. See § 443.151(6), Fla. Stat. (1997).