NORTHCUTT, Judge.
Erik C. Nelson, pro se, appeals the order of the Unemployment Appeals Commission (UAC) dismissing his appeal of the referee’s decision as untimely. We reverse.
For more than a year, Nelson was employed as a project manager and estimator for a painting company. In 2003, Nelson applied for unemployment benefits, alleging that he was fired when he refused to sign a covenant not to compete. Nelson was initially awarded unemployment benefits, but his former employer appealed. The appeals referee found that Nelson voluntarily quit his job. Nelson argues that this finding is not supported by the evidence, but we do not have a transcript of the appeals hearing.
The referee’s decision was mailed on September 25, 2003. Nelson filed his appeal on October 31. In response to the UAC’s show cause order regarding the timeliness of the appeal, Nelson filed an affidavit stating:
After receipt of the referee’s decision I understood it to read, I became ineligible for benefits on 9-24-03 the time of the hearing. However on 10-17-03 I received a statement for overpayment of benefits. After receipt of that document, I then set out to reappeal causing my appeal to be filed late.
The UAC dismissed the appeal as untimely-
Nelson argues that he did not appeal the referee’s denial of benefits because he had found a new job. But he argues that he *1233 would have appealed if the referee’s order had clearly indicated that he would be required to repay the benefits he had already received. He further argues that he was prejudiced by the timing of the overpayment statement, coming as it did after the appeals period had run.
Section 443.151(4)(b)(4), Florida Statutes (2003), requires the filing of an appeal to the UAC within twenty days. “Florida courts have, however, carved out a due process exception to this statutory requirement.” Altimeaux v. Ocean Constr., Inc., 752 So.2d 670, 672 (Fla. 2d DCA 2000). In Assam v. Florida Unemployment Appeals Commission, 871 So.2d 978 (Fla. 3d DCA 2004), the Third District applied considerations of fairness and due process to allow an appeal under circumstances similar to these.
In that case, Andre Assam was initially granted unemployment benefits, but the decision was reversed when the appeals referee found that he was discharged for misconduct. The referee’s decision was mailed on November 26, 2002. On December 5, Assam was mailed an order to repay almost $4000 in benefits. Assam filed a notice of appeal that was untimely as to the referee’s decision but timely as to the repayment order. The Third District concluded that the staggered mailings created confusion as to the appeal deadline, and it reversed the UAC’s dismissal of Assam’s appeal. Applying considerations of fairness and due process and recognizing that the overpayment determination was inextricably intertwined with the decision denying benefits, the Third District held that on remand, Assam would be “free to raise any and all factual defenses to the underlying decision to contest the overpayment determination.” 871 So.2d at 981.
In this case, applying considerations of fairness and due process, we reverse and remand to permit Nelson to appeal the order of repayment and to raise the merits of his eligibility for unemployment benefits as a defense to repayment. See Gant v. Unemployment Appeals Comm’n, 743 So.2d 114 (Fla. 2d DCA 1999) (reversing overpayment determination and remanding for referee to consider whether claimant was eligible for benefits); see also Cornello v. Unemployment Appeals Comm’n, 624 So.2d 382 (Fla. 4th DCA 1993) (reversing dismissal of untimely appeal when claimant was misinformed about amount of weekly benefits and only informed of correct amount in final days of appeal period).
Reversed and remanded for further proceedings.
ALTENBERND, C.J., and KELLY, J., Concur.