989 So.2d 23 (2008)
MANATEE COUNTY SCHOOL BOARD, Appellant,
v.
NATIONSRENT, INC., Appellee.
No. 2D07-15.
District Court of Appeal of Florida, Second District.
June 20, 2008.
*24 James C. Valenti and Barbara W. Davis of Gibson & Valenti, Lakeland, for Appellant.
Gary R. Fiedler and Charles E. McKeon of Law Offices of Charles E. McKeon, P.A., Tampa, for Appellee.
PER CURIAM.
A Manatee County School Board employee was using an aerial lift that the School Board had leased from NationsRent when the lift's work platform fell, causing the employee serious injuries. The School Board's employee sued NationsRent for negligence and strict liability. The employee's action was eventually dismissed, but not before NationsRent filed a third party complaint against the School Board, a state entity, for indemnity under a provision contained in the equipment lease between the School Board and NationsRent. The equipment lease also contained a separate paragraph that provided for an award of attorney's fees and costs to the prevailing party in any litigation arising under the lease.
Although the lawsuit against it had been dismissed, NationsRent continued to pursue its third party action against the School Board. The School Board raised sovereign immunity as a defense. The circuit court rejected the School Board's immunity defense. Afterwards, the parties entered into a stipulation concerning the facts that they deemed pertinent to the resolution of NationsRent's claim in light of the circuit court's ruling on the sovereign immunity issue. Based on the stipulated facts, the circuit court entered a final judgment in favor of NationsRent and against the School Board for $10,000 in attorney's fees and costs. In pertinent part, the final judgment states: "The parties stipulate that both the SCHOOL BOARD and NATIONSRENT have each incurred $10,000 in costs and fees through the date of this Order, and such costs and fees are taxable pursuant to the prevailing party provision of the [equipment lease]." (Emphasis supplied.)
On appeal, the School Board argues that we should reverse the final judgment because the circuit court erroneously ruled that the indemnity provision contained in the equipment lease was enforceable against the School Board, a state entity. However, the School Board has not made any argument concerning howin light of the parties' stipulationa determination in its favor on the issue of its liability under the indemnity provision has any bearing on the final judgment's award of attorney's fees and costs under the entirely separate prevailing party provision in the lease. Stated differently, the School Board has not explained how a decision from this court that the lease's indemnity provision is unenforceable against the School Board would impact the award of fees and costs that the parties stipulated was appropriate under a different provision of their agreement.
Surprisingly, neither of the parties mentions in their lengthy and closely argued briefs either the prevailing party provision of the equipment lease or the legal basis *25 for the circuit court's award of attorney's fees and costs. The School Board has even requested an award of appellate attorney's fees under the lease's prevailing party provision, implicitly recognizing the enforceability of that provision of the lease.
While we might theorize about what the School Board could have argued or intended to argue on its appeal, we conclude that it would be inappropriate for us to do so. To take this step would require us to depart from our role as a neutral tribunal and to become an advocate by developing arguments that the School Boardfor whatever reasonhas chosen not to make. See Polyglycoat Corp. v. Hirsch Distribs., Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1983). We work within the framework of the briefs, and it is not our function to rebrief an appeal. See id. As the appellant, the School Board has the duty to make error clearly appear. See Lynn v. City of Fort Lauderdale, 81 So.2d 511, 513 (Fla.1955).
Because the School Board has not presented an argument supporting reversal, we affirm the final judgment. Our decision should not be construed as expressing an opinion on the enforceability against the School Board of the indemnity provision in the equipment lease.
Affirmed.
FULMER, KELLY, and WALLACE, JJ., Concur.