FORST, J.
This case involves the repossession and sale of a mortgaged boat, and the subsequent suit for a deficiency judgment. Although we affirm the judgment of the lower court in its entirety, we write to address one of the issues raised by the Appellants: whether the listing agreement between the parties precluded the Appellee from selling the boat pursuant to the mortgage.
Background
Appellant The Resorts of Key Largo, Inc., took out a note and mortgage from *438 Darby Bank & Trust Company, with Appellant Michael Denault as a guarantor. The note was intended to finance the purchase of a particular boat, and the mortgage served to secure the debt owed by allowing for the repossession and sale of the boat if a default occurred and certain other conditions were met. The Appellants did in fact default on their obligations under the note.
In February of 2010, the Appellee purchased the loan from Darby. There is no question on appeal that both the note and mortgage were appropriately negotiated and assigned. The following month, the Appellee repossessed the boat pursuant to .the provisions of the mortgage.[1] It then sent the Appellants a “Notice of Disposition of Collateral,” advising them of how they could redeem the vessel by paying off the outstanding debt and assorted other costs. The notice also indicated that the boat “will be sold by [the Appellee] at private sale sometime after April 6, 2010.”
One week before the contemplated sale date, the parties entered into a “Standard Central Listing Agreement,” under which the Appellee was authorized to sell the boat on behalf of the Appellants. The agreement required that the boat be sold for an amount between $349,000 and $350,000, and that the Appellants would have the “sole discretion” to accept or decline the offer. The listing agreement made no reference to the note, mortgage, outstanding debt, or any other interaction between the parties.
On March 30, 2010, the day after the listing agreement was signed, the Appellee sent a “Revised — Notification of Disposition of Collateral” adding new costs to the original notice’s amount needed to redeem and extending the date after which a sale could occur to April 13, 2010.
In August of 2010, the Appellee sold the boat to a third party for $135,000. The Appellee subsequently filed this action, seeking to recover the deficiency amount; the Appellants filed a counterclaim. The trial court entered judgment in favor of the Appellee. This appeal followed.
Analysis
“A trial court’s interpretation of a contract is a matter of law subject to a de novo standard of review.” Reilly v. Reilly, 94 So.3d 693, 697 (Fla. 4th DCA 2012). Parties bear the burden of providing legal authority to support their claims for relief. Polyglycoat Corp. v. Hirsch Distribs., Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1983).
The Appellants’ argument addressed here is that the Appellees were precluded from selling the boat under the terms of the mortgage because the listing agreement created a fiduciary duty that was breached when the boat was sold for less than $349,000 and without the Appellants’ approval. Even if we were to hold that the Appellee had a fiduciary duty to the Appellants and that the sale of the boat was a breach of that fiduciary duty,[2] the Appellants have failed to provide this Court with any relevant legal authority that would suggest that they should prevail in a suit involving the mortgage (which was the focus of the complaint and counterclaim), rather than that they should prevail in a suit involving the listing agreement (which was not an issue raised in the complaint or in the counterclaim).
*439 The Appellants appear to overlook the fact that there were two separate agreements between them and the Appellee. The breach of one agreement does not necessarily indicate that the other agreement may not be enforced by its terms. In the absence of any pertinent details (a significant portion of the trial court hearing transcript was never provided to the court) or case law to the contrary provided by the Appellants, we determine that here the breach of the listing agreement, assuming such a breach occurred, was not sufficient to prevent the Appellee from being able to proceed under the terms of the entirely separate mortgage.
Conclusion
Because the breach of one agreement does not render all agreements ever made between the parties unenforceable, we affirm the judgment of the trial court with respect to whether the Appellee was precluded from enforcing the mortgage even if it breached the listing agreement. We affirm the trial court in all other respects without comment.

Affirmed.

CIKLIN, C.J., and LEVINE, J., concur.

. We decline to hold either way on this question because doing so is unnecessary to the resolution of the case.