Levine, J.,
concurring specially.
I concur in affirmance, but for different reasons. As such, I write separately to expound on those reasons.
I find that the trial court did not “clear[ly] abuse [its] discretion” in admitting the extraction report as nonhearsay evidence. Jones v. State, 963 So.2d 180, 185 *661 (Fla. 2007). The extraction report consisted of an exchange of text messages between appellant and the victim over a period of time. The state did not offer the extraction report to show the truth of the matter asserted within the text messages. Rather, the state offered the extraction report to establish a timeframe and show the existence of a relationship between appellant and the victim.
The state’s reference to one of the text messages in closing argument for a non-hearsay purpose does not change the fact that the trial court properly admitted the extraction report as nonhearsay evidence. Moreover, appellant did not objeet to the state’s reference to this particular text message during closing argument.[3] Assuming this issue is preserved, I agree that this text message was admissible under the hearsay exception for a statement by a party-opponent. See § 90.803(18)(a), Fla. Stat.
I find it unnecessary to consider whether the extraction report “was its own level of hearsay requiring a second exception” for two reasons. First, because the text messages comprising the extraction report were not hearsay, it follows then that the extraction report itself was not hearsay. See State v. Espiritu, 176 P.3d 885, 891 (Haw. 2008) (holding that the victim could testify about statements which were admissible under the hearsay exception for party admissions because “if evidence is hearsay admissible under an exception to the rule against hearsay, then testimony about such evidence is admissible”). Second, the majority acknowledges that it only “appears that Appellant is attempting to argue” the issue and that he did not “explicitly state as much.” It is well-established that “it is not the function of the Court to rebrief an appeal, We basically work within the framework of the briefs although, admittedly, there are instances where errors are so glaring or fundamental that a court will adjudicate them on its own initiative in its original opinion.” Polyglycoat Corp. v. Hirsch Distribs., Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1983). This case does not present an instance of any error, no less “glaring or fundamental” error, necessitating deviation from the briefs.
Finally, while I agree in affirming appellant’s ineffective assistance of counsel claim, I make no comment on the viability of any rule 3.850 motion.

. Thus, it is questionable whether any argument with respect to the hearsay nature of this text message is even preserved for review. See Brooks v. State, 762 So.2d 879, 898 (Fla. 2000).