DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

EVANTHONY NORMAN,

Appellant,

v.

REEMPLOYMENT ASSISTANCE APPEALS COMMISSION,

Appellee.

No. 2D2023-2202

_____

June 21, 2024

Appeal from the Reemployment Assistance Appeals Commission.

Evanthony Norman, pro se.

Amanda L. Neff, Deputy General Counsel, Tallahassee, for Appellee.

LaROSE, Judge.

Evanthony Norman challenges the Reemployment Assistance Appeals Commission's final order dismissing, as untimely, his appeal of an appeals referee's decision denying him unemployment benefits. We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(C), 9.110(c). We affirm.

We acknowledge that Mr. Norman believes that his appeal to the Commission has merit. But section 443.151(4)(b)6, Florida Statutes (2022), required Mr. Norman to challenge the appeals referee's decision within twenty days after the mailing or delivery of the notice of that decision. Typically, if an individual files an untimely appeal, as Mr. Norman did, the Commission may not review the merits of the appeals

referee's decision. *See Molina v. Home Depot USA Inc.*, 941 So. 2d 460, 461 (Fla. 3d DCA 2006) (explaining that if a request to review a referee's decision is untimely filed, then the Commission lacks jurisdiction to hear the merits of the underlying claim).

Florida courts have excused untimeliness and carved out a limited exception to section 443.151(4)(b)6. *Linden v. Reemployment Assistance Appeals Comm'n*, 232 So. 3d 537, 538 (Fla. 5th DCA 2018). The exception is limited to situations where the Commission's actions or exigent circumstances deny the claimant due process of law. *Nelson v. Unemployment Appeals Comm'n*, 880 So. 2d 1232, 1233 (Fla. 2d DCA 2004). *Compare Dumorange v. Fla. Unemployment Appeals*, 947 So. 2d 472, 475 (Fla. 3d DCA 2006) (reversing the Commission's dismissal because the dismissal was a denial of due process where "Hurricane Wilma and its aftermath . . . interfered with Dumorange's opportunity to voice his objections to the denial of his unemployment compensation claim" and Dumorange diligently "pursu[ed] his appeal as soon as practicable"), *and Assam v. Fla. Unemployment Appeals Comm'n*, 871 So. 2d 978, 980 (Fla. 3d DCA 2004) (reversing the Commission's dismissal of Assam's appeal because the staggered mailings caused "confusion as to the appeal deadline"), *with Henry v. Reemployment Assistance Appeals Comm'n*, 345 So. 3d 369, 371 (Fla. 3d DCA 2022) (affirming the Commission's dismissal where Henry "filed her appeal late due to her own misreading of the referee decision and its appeal instructions," "[n]o action or inaction by the Commission caused the untimeliness of Henry's appeal, and Henry ha[d] not otherwise asserted the existence of circumstances tantamount to a due process violation").

Unfortunately, Mr. Norman fails to demonstrate any specific action by the Commission that caused his late filing. Nor has he shown that his belated appeal was due to an exigent circumstance. *See generally*

*Manatee Cnty. Sch. Bd. v. NationsRent, Inc.*, 989 So. 2d 23, 25 (Fla. 2d DCA 2008) (explaining that we must "work within the framework of the briefs" and "it is not our function to rebrief an appeal").

Accordingly, we affirm the Commission's final order. *See Linden*, 232 So. 3d at 538 (affirming the Commission's dismissal where Linden failed to demonstrate that the Commission's actions caused the untimeliness of the appeal); *Molina*, 941 So. 2d at 461 (affirming the Commission's dismissal where Molina did not dispute that he timely received the appeals referee's decision and that he applied for review of the decision outside of the twenty-day requirement).

Affirmed.

CASANUEVA and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.