DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JERRELL LEANDRE SIMMONS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-0953

_____

November 22, 2024

Appeal from the Circuit Court for Hillsborough County; Mark D. Kiser, Judge.

Howard L. Dimmig, II, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Helene S. Parnes, Senior Assistant Attorney General, Tampa, for Appellee.

KELLY, Judge.

Jerrell Simmons appeals from his judgment and sentences for carrying a concealed firearm and being a felon in possession of a firearm. Simmons entered guilty pleas to the charges, reserving the right to appeal the denial of his dispositive motion to suppress the firearm found in his left front pocket after he was stopped for a traffic violation. We affirm.

When the officers who stopped Simmons approached the car he was driving, they smelled what they believed was "fresh" marijuana emanating from the car. Based solely on that odor, they decided to search the car. But first, they asked Simmons and his passenger to step out of the car. A frisk of Simmons revealed a gun in Simmons' left front pocket.[1] Simmons was handcuffed at that point, and the officers searched the car. No charges flowed from the search of the car.

On appeal, Simmons has argued only that the search of the car was unlawful. He contends that the odor of fresh marijuana alone does not give officers probable cause to search an automobile given the fact that hemp, which he argues smells like fresh marijuana,[2] is legal, as is medical marijuana. However, the item Simmons seeks to suppress—the firearm—was not found in the car. He has not presented us with any legal argument regarding why the search of his person was unlawful, and we are not at liberty to craft that argument for him. As this court has explained in the past:

> While we might theorize about what the [appellant] could have argued or intended to argue on [his] appeal, we conclude that it would be inappropriate for us to do so. To take this step would require us to depart from our role as a neutral tribunal and to become an advocate by developing arguments that the [appellant]—for whatever reason—has chosen not to make. *See Polyglycoat Corp. v. Hirsch Distribs., Inc.,* 442 So. 2d 958, 960 (Fla. 4th DCA 1983). We work within the framework of the briefs, and it is not our function to rebrief an appeal. *See id.*

---

[1] The factual record is sketchy with respect to the search of Simmons. At the suppression hearing the officers were not questioned about the search of Simmons, and the officer's bodycam video in the record is not helpful.

[2] We use the word "argues" advisedly because there is nothing in the record that would support that statement as a fact.

2

*Manatee Cnty. Sch. Bd. v. Nationsrent, Inc.*, 989 So. 2d 23, 25 (Fla. 2d DCA 2008). Thus, the legality of the search that produced the firearm Simmons sought to suppress is not properly before us, and for that reason, we affirm the trial court's order denying the motion to suppress.

In this appeal we do not pass on the legality of the search of Simmons' car; however, the trial court did pass on it and, in denying Simmons' motion, relied exclusively on this court's decision in *Owens v. State*, 317 So. 3d 1218 (Fla. 2d DCA 2021). The record reveals that both the trial court and the State may have been misled by our opinion in that case. Accordingly, we briefly address why *Owens* was not, as the trial court believed, controlling.

In *Owens*, officers responded to a report about a reckless driver. *See id.* at 1219. The officers made a traffic stop, smelled burnt marijuana, and suspected that the driver was driving under the influence. Thus, unlike this case, *Owens* involved the odor of *burnt* marijuana combined with erratic driving—not burnt marijuana alone or raw marijuana. *Id.* at 1218-19. This court held that the odor of burnt marijuana was sufficient to support the search of the vehicle. *See id.* at 1219. The opinion did not stop there, however. But where it went from there—the discussion of other scenarios—is dicta and should be treated as such. "If not a holding, a proposition stated in a case counts as dicta." *State v. Yule*, 905 So. 2d 251, 259 n.10 (Fla. 2d DCA 2005) (Canady, J., specially concurring) (quoting Michael Abramowicz & Maxwell Stearns, *Defining Dicta*, 57 Stan. L. Rev. 953, 1065 (2005)). "A holding consists of those propositions along the chosen decisional path or paths of reasoning that (1) are actually decided, (2) are based upon the facts of the case, and (3) lead to the judgment." *Id.*; *see also Pedroza v.*

3

*State*, 291 So. 3d 541, 547 (Fla. 2020) ("Any statement of law in a judicial opinion that is not a holding is dictum.").

Affirmed.


LABRIT, J., Concurs.
SLEET, C.J., Dissents with opinion.


SLEET, Chief Judge, Dissenting.

I respectfully dissent because I conclude that Simmons has adequately argued on appeal that the trial court erred in failing to grant his motion to suppress the firearm found on his person. Accordingly, I would address the merits of his arguments and, in doing so, conclude that based on these facts and current Florida law, the odor of fresh marijuana alone was insufficient to provide law enforcement the necessary probable cause to justify the warrantless search of Simmons' vehicle and person.

The majority concludes that Simmons "has not presented us with any legal argument regarding why the search of his person was unlawful." However, in his initial appellate brief, Simmons frames his issue on appeal as follows: "The trial court erred in denying the defense motion to suppress. The search of the vehicle was not supported by probable cause and was without consent." (Emphasis added.) And in the body of his brief, Simmons argues that "this Court must grant the motion to suppress and reverse [the] conviction and sentence" and reiterates in his conclusion that "Simmons respectfully requests that this

4

Court reverse the trial court's ruling on the motion to suppress and reverse the judgment and sentence."[3]

The motion to suppress to which Simmons is referring specifically sought

> to suppress the unlawful search of the vehicle he was found to be driving and any and all evidence obtained by law enforcement as a result of the unlawful search and detention of the Defendant.
>
> . . . .
>
> The Defendant respectfully requests this Honorable Court to suppress all evidence seized as a result of the search of Mr. Simmons and the vehicle in which he was driving. More specifically, the Defendant requests this Court suppress:
>
> 1.  The search of his person and any evidence seized from the search; specifically, the firearm collected.
>
> . . . .
>
> 3. Any other evidence gathered as a result of the stop, search, detention, and arrest.

(Emphasis added.)  Additionally, the motion stated, "Law enforcement conducted the warrantless search of the defendant's person/vehicle based solely on the odor of marijuana despite the fact that the passenger of the vehicle has a valid medicinal marijuana license."  (Emphasis added.)

---

[3] Appellate counsel's imprecise phrasing indicates a misunderstanding as to this court's jurisdiction; this court does not have the jurisdiction to grant a motion to suppress or reverse a nonfinal order denying a motion to suppress.  *See* Fla. R. App. P. 9.030(b); 9.140(b). Nevertheless, the argument makes clear that the trial court error upon which Simmons bases his request that this court reverse his judgment and sentence is the trial court's erroneous denial of his motion to suppress.

5

Simmons further pointed out that after officers smelled fresh marijuana, they initiated a narcotics investigation and that he "was then asked to exit the vehicle, detained, and searched." As grounds for the suppression, the motion argued the following:

> The sight and odor of marijuana alone, without additional indicia of criminality, no longer provides probable cause for search of either a person or a vehicle. Hemp and THC medicinal marijuana are legal in the State of Florida. An occupant of the vehicle had a valid medicinal marijuana license at the time of this incident. Hemp, medical marijuana, and cannabis all have the same appearance and odor. Because these substances cannot be differentiated by sight or odor, sight or odor can no longer provide reasonable suspicion of criminality or probable cause to search a person or vehicle when a person has a valid medicinal marijuana license. As such, this Court must suppress this unlawful search as no such additional indicia of criminality existed in this case.

Finally, the motion argued that "[a]ny evidence obtained because of the illegal seizure is the fruit of the poisonous tree and should be suppressed."

> At the hearing on the motion, defense counsel argued:

> [I]n [*Owens v. State*, 317 So. 3d 1218 (Fla. 2d DCA 2021),] it's about burnt marijuana, not fresh. And in Owens, they specifically distinguish fresh versus burnt numerous times throughout the case, and they use it through emphasis. So they do emphasis added through italicizing the words "fresh" versus "burnt" . . . .

> Now in the instant case that we have, the odor is fresh. Both officers testified to the odor being fresh, and both testified that there was nothing found that was burnt. So we know that the odor is fresh. So we're in Owens, and the odor in our case is fresh, and the odor in Owens is actually burnt. So Owens then makes that distinction of fresh versus burnt.

> And, ultimately, there is a dicta in there regarding whether or not this would still allow a search . . . .

6

. . . .

> . . . [The officer in the instant case] then testifies about the odor of marijuana. So it's fresh marijuana coming from the vehicle and now he's going to then testify that <u>that allowed him to being able to have Mr. Simmons exit the vehicle and conduct a search of Mr. Simmons</u> as they -- the officers believe that they have probable cause to now search the vehicle.

(Emphasis added.)

At the close of the suppression hearing, the trial court ruled as follows:

> I am going to deny the motion, finding that the Owens case is still the applicable case law and that that holding in Owens -- the last paragraph that I think is binding on me, that legalization of hemp does not serve as a sea change undoing existing precedent and a holding that regardless of whether the smell of marijuana is indistinguishable from that of hemp, the smell of marijuana emanating from a vehicle continues to provide probable cause for a warrantless search of the vehicle.

Subsequently, Simmons entered guilty pleas to the offenses, reserving his right to appeal the dispositive denial of his motion to suppress.

In challenging his judgment and sentence on appeal, Simmons argues that the trial court erred in denying the motion to suppress because "[t]he court denied the motion to suppress based on *Owens v. State*, 317 So. 3d 1218 (Fla. [2d DCA] 2021), specifically the last paragraph . . . . But *Owens* is distinguishable from this case." He points out in his appellate brief that "[w]hen [the officer] asked Mr. Simmons to exit the car, the officer had no confirmation if Mr. Simmons in fact had a medical marijuana license or if anyone else in the car did. <u>[The officer] didn't have that information when he searched Mr. Simmons.</u>" (Emphasis added.) Although Simmons summarizes his argument on

7

appeal by stating that "[t]he evidence discovered in <u>the search and seizure of the vehicle</u> should have been suppressed," he indicates that this includes the firearm discovered on his person by stating in his recitation of the facts that "the vehicle Mr. Simmons was driving was subjected to an unlawful search based on the odor of marijuana, and that the firearm found in <u>that search</u> should be suppressed." (Emphasis added.)

Based on the entire context of Simmons' appellate brief—wherein the trial court error identified is the erroneous denial of his motion to suppress—and considering the arguments Simmons made below in the written motion and at the suppression hearing, I am confident that Simmons has sufficiently raised on appeal the argument that the trial court erred in denying his motion to suppress the firearm found during a search of his person which resulted after he was asked to exit his vehicle so that it might be searched.

Addressing Simmons' argument on the merits, I conclude that under these facts and the current state of the law, the officers did not have the necessary probable cause to justify the warrantless search of Simmons' vehicle, which ultimately led to the search of his person and the discovery of the firearm.

Initially, I note that I agree with the majority that this court's opinion in *Owens*, 317 So. 3d 1218, has precedential value only to the issue of whether the odor of burnt marijuana provided probable cause in that case. Because the officers who testified in that case smelled only the odor of burnt marijuana, this court's discussion of whether the odor of fresh marijuana would likewise provide probable cause for a warrantless search was hypothetical and thus dicta. *See Pedroza v. State*, 291 So. 3d 541, 547 (Fla. 2020) ("Any statement of law in a judicial

8

opinion that is not a holding is dictum. 'A holding consists of those propositions along the chosen decisional path or paths of reasoning that (1) are actually decided, (2) are based upon the facts of the case, and (3) lead to the judgment.' " (citation omitted) (quoting *State v. Yule*, 905 So. 2d 251, 259 n.10 (Fla. 2d DCA 2005) (Canady, J., specially concurring))).

As such, the trial court's reliance on *Owens* as requiring the denial of Simmons' motion to suppress in the instant case—where probable cause was based solely on the odor of fresh marijuana—was error. But I do agree with the trial court on one thing: there has not been a sea change in the law of probable cause. The determination of probable cause remains one that is based on the totality of the circumstances of each case and the law in place at the time of the offense. *See Aldama v. State*, 49 Fla. L. Weekly D1519, D1520 (Fla. 3d DCA July 17, 2024) (" 'In determining whether probable cause exists to search a vehicle, courts must utilize a "totality of the circumstances" approach.' 'Probable cause exists where "the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.' " (alteration in original) (citations omitted) (first quoting *State v. Fortin*, 383 So. 3d 820, 823 (Fla. 4th DCA 2024); and then quoting *State v. Betz*, 815 So. 2d 627, 633 (Fla. 2002))); *see also Florida v. Harris*, 568 U.S. 237, 243 (2013) ("A police officer has probable cause to conduct a search when 'the facts available to [the officer] would "warrant a [person] of reasonable caution in the belief" ' that contraband or evidence of a crime is present." (second alteration in original) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983))).

9

Here, the record is clear that when the officers stopped Simmons for a window tint traffic violation on March 22, 2022, their only basis for conducting the warrantless search of Simmons' vehicle and person was the odor of fresh marijuana. But effective June 23, 2017, the definition of "cannabis" found in section 893.02(3), Florida Statutes, "does not include 'marijuana,' as defined in s. 381.986, if manufactured, possessed, sold, purchased, delivered, distributed, or dispensed[] in conformance with s. 381.986."

Section 381.986, Florida Statutes (2022), makes medical use of marijuana by qualified patients legal with some exceptions, including the "[u]se or administration of marijuana" in certain locations, one of which is a vehicle. § 381.986(1)(j)5.f. The odor of fresh marijuana detected here, however, only indicated the <u>presence</u> of marijuana, not its <u>use</u>. And possession of marijuana is a completely legal activity when done pursuant to section 381.986.[4]

_____

[4] Additionally, "with the enactment of the 'State hemp program,' codified in section 581.217, Florida Statutes (2020)[,] [i]t is now legal under Florida and federal law to smoke and possess hemp." *Hatcher v. State*, 342 So. 3d 807, 813 (Fla. 1st DCA 2022) (Bilbrey, J., specially concurring) (citation omitted); *see also* §§ 581.217(2)(a), (b) ("The Legislature finds that . . . [h]emp is an agricultural commodity[ and] [h]emp-derived cannabinoids . . . are not controlled substances or adulterants if they are in compliance with this section."), 893.02(3) (defining cannabis as used in chapter 893, which is titled "Drug Abuse Prevention and Control," and stating that "[t]he term does not include hemp as defined in s. 581.217"). Marijuana and hemp "are the same plant and differ only in their THC content." *Hatcher*, 342 So. 3d at 812 (Bilbrey, J., specially concurring) (citing IFAS Communications, *FAQ – Industrial Hemp Pilot Project – UF/IFAS – University of Florida, Institute of Food and Agricultural Sciences* https://programs.ifas.ufl.edu/hemp/faq/# (last visited May 23, 2022)). Accordingly, an argument has arisen in the case law that marijuana and hemp have the same odor and therefore cannot be differentiated from one another by smell. Although Simmons raised this

10

That being said, I am aware that "innocent behavior frequently will provide the basis for a showing of probable cause." *See Hatcher v. State*, 342 So. 3d 807, 810 (Fla. 1st DCA 2022) (quoting *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983)). *But see Kilburn v. State*, 297 So. 3d 671, (Fla. 1st DCA 2020) ("A potentially lawful activity cannot be the sole basis for a detention[, which requires only a reasonable suspicion of criminal activity]. If this were allowed, the Fourth Amendment would be eviscerated."). However, I conclude that in this case the odor of fresh marijuana alone was insufficient to do so. "[T]he relevant inquiry is not whether particular conduct is 'innocent' or 'guilty,' but the degree of suspicion that attaches to particular types of noncriminal acts." *District of Columbia v. Wesby*, 583 U.S. 48, 61 (2018) (quoting *Gates*, 462 U.S. at 243 n.13). The question is "whether a reasonable officer could conclude—considering all of the surrounding circumstances . . .—that

---

argument in his written motion, at the suppression hearing, neither Simmons nor the State addressed the issue of hemp. *See generally Baxter v. State*, 389 So. 3d 803, 811 n.5 (Fla. 5th DCA 2024) ("[B]ecause the 'plain smell' doctrine operates as an exception to the warrant requirement, it is incumbent on the State to prove that the exception still applies given the statutory changes."). Simmons' sole argument at the hearing was that the State lacked the necessary probable cause to search because it failed to inquire whether the occupants of the vehicle possessed a medical marijuana license. Thus the issue of whether the legalization of hemp impacts the probable cause requirement is not properly before this court in this appeal.

Nevertheless, I recognize that this could be an additional basis upon which to challenge a determination that probable cause existed based solely on the odor of fresh marijuana. *See id.* at 810-11 (noting the legalization of both medical marijuana and hemp and concluding that "[t]he incremental legalization of certain types of cannabis at both the federal and state level has reached the point that its plain smell does not immediately indicate the presence of an illegal substance.").

11

there was a 'substantial chance of criminal activity.' " *Id.* (emphasis added) (quoting *Gates*, 462 U.S. at 243 n.13).

I conclude that due to the legalization of medical marijuana, the odor of fresh marijuana alone does not establish a substantial chance that criminal activity is occurring.[5] *See Baxter v. State*, 389 So. 3d 803, 811 n.5 (Fla. 5th DCA 2024) (en banc) (addressing whether the smell of fresh marijuana alone provided law enforcement the necessary reasonable suspicion to detain an individual—a less stringent standard than the probable cause required to justify a warrantless search—and concluding that "the smell of cannabis on its own cannot support a detention" but rather "may be a relevant, but not dispositive, factor to be considered under the totality of the circumstances"). Accordingly, I conclude that the trial court erred in denying Simmons' motion to suppress, and I would reverse his judgment and sentences.

———————————————

Opinion subject to revision prior to official publication.

———————————————

[5] I would suggest that a best practices approach would be one like "what was related as policy for the Florida Highway Patrol" in *Aldama*, 49 Fla. L. Weekly D1519, at D1520, wherein the investigating trooper testified:

> [W]henever the odor of marijuana is detected, there's a questionnaire that we go by in order not to confuse it with hemp [or medical marijuana]. So, one of the questions is: Do you possess a medical marijuana card? When they state no, we ask if there's any medical marijuana inside the vehicle. And then we continue with hemp or any contraband that may be inside the vehicle.

12