DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

RICKY D. DIXON, SECRETARY OF THE
DEPARTMENT OF CORRECTIONS,

Appellant,

v.

JASON TONDEE,

Appellee.

No. 2D2024-2140

_____

November 21, 2025

Appeal from the Circuit Court for Pasco County; Gregory G. Groger, Judge.

Ricky D. Dixon, Secretary, and Kelly R. Forren, Assistant General Counsel, Tallahassee, for Appellant.

No appearance for Appellee.

PER CURIAM.

Affirmed.

LaROSE and SMITH, JJ., Concur.
BLACK, J., Concurs separately with opinion.

BLACK, Judge, concurring separately.

This court "work[s] within the framework of the briefs, and it is not our function to rebrief an appeal." *Simmons v. State*, 402 So. 3d 473, 474 (Fla. 2d DCA 2025) (quoting *Manatee Cnty. Sch. Bd. v. Nationsrent, Inc.*, 989 So. 2d 23, 25 (Fla. 2d DCA 2008)); *see also State v. Garcia*, 346 So. 3d 581, 585 (Fla. 2022) ("[A]n appellate court should confine parties' arguments to those raised in the courts below."). Given the arguments presented by the Florida Department of Corrections below and in its brief before this court, affirmance is the correct result. I write only to note that in determining that section 27.02, Florida Statutes (2023), controlled the outcome of the Department's motion for a civil restitution lien under section 960.292, Florida Statutes (2023), the circuit court did not address the applicability of section 960.296(1): "This civil restitution lien act supersedes law to the contrary. Notwithstanding any provision of law to the contrary, the provisions of this civil restitution lien act are controlling over any conflicting law." *See Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022) (stating that "[i]t would be a mistake to think that our law of statutory interpretation requires interpreters to make a threshold determination of whether a term has a 'plain' or 'clear' meaning in isolation" and that courts should look to "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole" (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997))).

_____

Opinion subject to revision prior to official publication.

2